Shirley (Roth) Kopp, Petitioner *v.* Workmen's Compensation Appeal Board (Doylestown Processing Co.), Respondents.

Argued September 15, 1983, before Judges Craig, Barry and Blatt, sitting as a panel of three.

*James J. Riley, James J. Riley and Associates, P.C.,* for petitioner.

*L. Oliver Frey,* with him *David L. Pennington* and *Susan McLaughlin, Harvey, Pennington, Herting and Renneisen, Ltd.,* for respondent, Doylestown Processing Company.

Opinion by Judge Blatt, November 10, 1983:

Shirley Kopp (claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which dismissed her petition for reinstatement of benefits as untimely.

The relevant facts are as follows. The claimant suffered a compensable injury on August 22, 1972 and received benefits until January of 1974 when her employer filed a petition for termination accompanied by a physician's affidavit of recovery. The claimant

did not answer this petition nor appear at any hearings on the issue, and the referee entered an order terminating compensation on December 18, 1974. The present petition for reinstatement was filed on July 24, 1978 and contained an allegation that the claimant was not notified of the adverse decision on the employer's termination petition until October 5, 1976.[1] The petition also averred that the claimant remained continually disabled from the original injury in August of 1972. A referee ruled that, because the claimant did not receive notice of the entry of the order granting the employer's petition for termination until October 5, 1976, he would vacate that order and allow the claimant to present evidence in opposition to the employer's termination petition. The employer appealed this order to the Board which reversed the referee and dismissed the claimant's petition for reinstatement. The instant appeal was then filed.

Pursuant to Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704, we must affirm an order of the Board unless the adjudication violates the party's constitutional rights, is not in accordance with law or applicable administrative regulations, or if necessary findings of fact are not supported by substantial evidence. This case presents a question of law.

The claimant argues here that, because she did not receive notice of the order granting the employer's petition for termination until almost two years after it was entered, she should not be barred by the statute of limitations pertaining to her reinstatement petition.

_____

[1] Although notice was not formally received by the claimant until this date, she acknowledges that she was not receiving benefits during the period in question.

Section 406 of the Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §717, relating to notice, provides:

All notices and copies to which any parties shall be entitled under the provisions of this article shall be served by mail, or in such manner as the department shall direct. For the purposes of this article any notice or copy shall be deemed served on the date when mailed, properly stamped and addressed, and shall be presumed to have reached the party to be served; but any party may show by competent evidence that any notice or copy was not received, or that there was an unusual or unreasonable delay in its transmission through the mails. In any such case proper allowance shall be made for the party's failure within the prescribed time to assert any right given him by this act.

Also relevant to the determination of this case is Section 413 of the Act, 77 P.S. §772 which provides in pertinent part that:

no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition.

It is clear that the petition for reinstatement here concerned was not filed within the mandatory three year statutory limitation. And, although the claimant argues that there was a serious delay in the transmission of the notice of the order of December 18, 1974 terminating benefits, the proper course of action for the claimant under such circumstances was

to have filed an appeal nunc pro tunc of that order, and therein allege and attempt to prove the untimeliness of the notice, and any attendant fraud or administrative error. *See Workmen's Compensation Appeal Board v. Gaines,* 24 Pa. Commonwealth Ct. 307, 355 A.2d 595 (1976). Inasmuch as she did not follow this route, we are in agreement with the Board that her claim cannot be revived at this late date. *See Branch v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 374, 393 A.2d 55 (1978).

It must be remembered, too, that this Court has consistently ruled that petitions for reinstatement should not be used to relitigate prior unappealed adverse decisions. *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980). And, because the claimant here is not arguing that there was a recurrence or an increase of her disability, but only a continuous disability, her petition must be read as an attempt to relitigate the merits of the original proceedings,[2] which cannot be permitted.

Accordingly, finding no error of law, Section 704 of the Administrative Agency Law, we will affirm the order of the Board.

ORDER

AND Now, this 10th day of November, 1983, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

---

[2] We note also that the claimant, upon receiving notice in October of 1976, could have *timely* filed a petition for reinstatement, provided there was a change in her condition. *See Harry Halloran Construction Company v. Workmen's Compensation Appeal Board,* 39 Pa. Commonwealth Ct. 272, 395 A.2d 325 (1978).

CONCURRING OPINION BY JUDGE BARRY:

I concur in the Order of the Court that the Appeal Board should be affirmed but on a different basis than that set forth in Judge BLATT's opinion.

The record shows that the claimant no longer received benefits as of January 1974 when her employer filed a petition for termination. This termination of benefits constituted actual notice to the claimant. I believe she had a duty to inquire about her rights to a hearing since she no longer was receiving her accustomed checks. For this reason, I concur in the result.