522 A.2d 722

Teleflex, Inc., Petitioner *v.* Workmen's Compensation Appeal Board (Simmons), Respondents.

Submitted on briefs December 11, 1986, to Judges MacPhail and Barry, and Senior Judge Barbieri, sitting as a panel of three.

*Martin J. Fallon, Jr., Swartz, Campbell* & *Detweiler,* for petitioner.

*David L. Allebach, Jr., Reynier, Crocker, Allebach* & *Reber, P.C.,* for respondent, David Simmons.

Opinion by Judge MacPhail, March 23, 1987:

Teleflex, Inc. (Employer) petitions for our review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed the grant of a reinstatement petition filed by David Simmons (Claimant). We affirm.

Claimant sustained a lower back injury in the course of his employment on May 7, 1979. Claimant received compensation for total disability pursuant to a notice of compensation payable until April 8, 1980 when he returned to work. Employer filed a suspension petition on June 9, 1980 which was granted by a referee following a hearing at which Claimant failed to appear. Thereafter, Claimant filed a reinstatement petition on September 12, 1980 seeking partial disability benefits. Claimant alleged in his petition that he had been forced to accept a position at a lower weekly wage due to his

continued inability to perform work assigned by Employer. Following a hearing and the introduction of medical expert depositions, the referee granted the reinstatement petition. The Board affirmed and the instant appeal followed.

Employer has raised two issues for our consideration: (1) whether it was error to grant the reinstatement petition since the alleged recurrence of disability occurred *prior* to the date of the referee's decision suspending benefits, and (2) whether the referee erred in reinstating benefits since Claimant failed to establish that he remains disabled from performing his pre-injury job.

Regarding the first issue, Employer contends that Claimant is now attempting to relitigate matters which were determined by the referee's order dated July 18, 1980 which suspended benefits as of April 8, 1980. In the instant reinstatement proceedings, Claimant established that although he returned to work on April 8, he suffered a recurrence of his disability that day, was forced to take the next two days off, and was only physically able to work a half day on April 11. Claimant requested less strenuous work on April 11, but because none was available, he terminated his employment and subsequently accepted other work at a lower wage.[1] Employer argues that because Claimant's recurrence of his disability occurred in April, 1980, that recurrence cannot be relied upon to set aside a suspension order which was granted thereafter in July, 1980. In short, Employer argues that Claimant's failure to appear and raise the issue of recurrence in the suspension proceedings constitutes a bar to his right to later raise the issue by means of a reinstatement petition.

---

[1] Claimant's new employment, as a deputy sheriff, commenced on April 14, 1980.

In support of its argument, Employer relies on case law which establishes that in a modification or reinstatement proceeding the moving party must prove that his disability has recurred or increased *after the date* of the prior referee's award. *Cerney v. Schrader & Seyfried, Inc.*, 463 Pa. 20, 342 A.2d 384 (1975); *Klingler v. Workmen's Compensation Appeal Board,* 50 Pa. Commonwealth Ct. 335, 413 A.2d 432 (1980); *Brockway Glass Co. v. Workmen's Compensation Appeal Board,* 31 Pa. Commonwealth Ct. 624, 377 A.2d 1029 (1977). Petitions for reinstatement may not be used to relitigate the extent of disability established by a prior final decision. *Kopp v. Workmen's Compensation Appeal Board (Doylestown Processing Co.),* 78 Pa. Commonwealth Ct. 292, 467 A.2d 425 (1983). The reason for this rule, of course, is to prevent a claimant from repeatedly filing reinstatement or modification petitions based on the same evidence in the hope that some referee will eventually rule in his favor. *Banks v. Workmen's Compensation Appeal Board,* 15 Pa. Commonwealth Ct. 373, 327 A.2d 404 (1974). A review of the posture of this case convinces us, however, that the case law cited by Employer and the considerations important to its development do not create a bar to Claimant's reinstatement petition.

We observe, most importantly, that the prior referee's award involved here only granted *a suspension* of benefits. The findings and order, as amended by the Board,[2] do not include any ruling on the extent or percentage of Claimant's disability. Thus, the only effect of the prior award was to suspend benefits due to Claim-

---

[2] Although Claimant did not participate in the referee's hearing on Employer's suspension petition, he did file an appeal with the Board. As a result of that appeal, the Board deleted the referee's original order which had *terminated* Claimant's benefits and substituted its own order suspending the benefits. The Board's action was apparently agreed to by the parties and no further appeal was taken.

ant's admitted return to work on April 8. Despite this valid suspension of benefits, however, Claimant now alleges that his disability recurred when he returned to work. While this fact might have been revealed in the earlier suspension proceedings, we do not think it was mandatory that Claimant present his case at that time.

As we have indicated, Claimant does not dispute that the suspension of benefits was properly ordered as of April 8, nor has Claimant attempted to relitigate that issue in the instant proceedings. All that is required of a claimant who petitions to have a suspension lifted is a demonstration that the reason for the suspension no longer exists. *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985). Claimant has clearly met that burden in the instant case by proving that he was unable to perform the work assigned by Employer upon his return to employment during the week of April 8, 1980. The referee's findings regarding Claimant's inability to perform the work assigned due to his recurring disability are clearly supported by substantial credible evidence and are, accordingly, binding on appeal. *See* Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Employer's remaining argument is that Claimant was required to establish his continuing inability to perform his pre-injury job and that he failed to meet that burden since the work assignments given to him during the week of April 8 were more strenuous than his actual pre-injury position. Employer concedes that the less strenuous pre-injury position was not available to Claimant upon his return to work. Moreover, the referee found that Claimant requested a less rigorous position when he realized he was unable to perform the duties assigned, but was told that none was available. We

think Claimant obviously did all that could be required of him to establish his continuing disability.

Order affirmed.

## ORDER

The order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.