552 A.2d 334

Truman I. Fells, Jr., Petitioner *v.* Workmen's Compensation Appeal Board (Caterpillar Tractor Co.), Respondents.

Submitted on briefs November 9, 1988, to Judges DOYLE and McGINLEY, and Senior Judge KALISH, sitting as a panel of three.

*Allen H. Smith*, for petitioner.

*W. Jeffrey Sidebottom, Barley, Snyder, Cooper &
Barber*, for respondent.

OPINION BY JUDGE DOYLE, December 29, 1988:

Before us is an appeal by Truman I. Fells, Jr.
(Claimant), from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision
and denying Claimant's petition for reinstatement of
benefits. For the reasons which follow, we reverse the
decision of the Board.

Claimant was employed by Caterpillar Tractor Company (Employer) as a tow tractor operator. On February
17, 1981, Claimant sustained a work-related injury to
his lower back and received benefits. Claimant's benefits were *suspended* when he returned to his pre-injury
job. Due to economic conditions, Claimant was laid off
from his pre-injury job. He subsequently filed a petition for reinstatement of his benefits.

The referee found that Claimant was not entitled to
a reinstatement of his benefits because he did not prove
that his disability had recurred or that his inability to
perform his job was due to his work-related injury.

Claimant appealed this decision to the Board and the Board affirmed the decision of the referee. This appeal ensued.

On appeal here, where both parties have presented evidence, our scope of review is limited to determining whether the necessary findings of fact are supported by substantial evidence and whether an error of law or constitutional violation exists. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Commonwealth Ct. 436, 550 A.2d 1364 (1988). Claimant contends on appeal that the Board erred in determining that he failed to meet his burden to justify the reinstatement of benefits. We agree.

Initially, we observe that the referee committed an error of law in assessing Claimant's burden. Section 413 of The Pennsylvania Workmen's Compensation Act (Act)[1] provides that a reinstatement of a claimant's benefits is appropriate when compensation has been *suspended* and the claimant is no longer able to earn wages equal to or in excess of his pre-injury wages. When a claimant seeks to have his or her suspension lifted, that claimant is required *only* to demonstrate that the reasons for the suspension no longer exist. *Busche v. Workmen's Compensation Appeal Board (Townsend and Bottum, Inc.)*, 77 Pa. Commonwealth Ct. 469, 466 A.2d 278 (1983). Simply stated, the claimant's burden is to show that he or she remained disabled, and that such disability has manifested itself in a loss of earning power. *Busche; Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa. Commonwealth Ct. 204, 489 A.2d 284 (1985).

The referee found, and Employer does not dispute that Claimant's benefits were suspended during the pe-

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §772.

riod of time in question. In order to meet his burden on the reinstatement petition, Claimant testified as to his continuing back problem and he introduced into evidence medical records corroborating this fact.[2] It is also undisputed that Claimant was laid off from his pre-injury job due to economic conditions, and that he was unable to secure employment within his physical limitations. Further, there were no findings that Employer offered or indicated to him suitable employment.[3]

Employer argues that it is only required to show that work is available when the claimant is unable to perform his pre-injury job, and that since Claimant was able to perform that job, Employer had no such burden. This assertion is incorrect.

This Court has granted benefits to employees who were under suspension agreements and capable of returning to their pre-injury jobs. *See also Scobbic v. Workmen's Compensation Appeal Board (Greenville Steel Car Co.)*, 118 Pa. Commonwealth Ct. 424, 545 A.2d 465 (1988); *see Andersen v. Workmen's Compensation Appeal Board (National Forge Company)*, 113 Pa. Commonwealth Ct. 601, 537 A.2d 971 (1988); *Rite Aid Corp. v. Workmen's Compensation Appeal Board (Bupp)*, 112 Pa. Commonwealth Ct. 548, 535 A.2d 763 (1988). We do not believe that there is a viable distinction, for the purposes of workmen's compensation, between claimants who are under suspension agreements and capable of returning to their pre-injury jobs, and

[2] *See* Claimant's Exhibit C-1.

[3] We note that there is evidence in the record presented by Employer to show that Claimant's lay-off from his pre-injury job occurred on August 2, 1982. Claimant was then put into a job that required repeated lifting and bending. Claimant worked at this job until August 30, 1982, when he then could no longer perform that job and he was then laid off. On March 12, 1984, he was recalled to his pre-injury job. These facts, however, were not referred to by the referee in his decision.

claimants who are under suspension agreements and able only to return to a modified or light-duty job. A presumptive partial disability exists whenever there is an agreement or an order to suspend compensation. *Economy Decorators, Inc. v. Workmen's Compensation Appeal Board (Federici)*, 96 Pa. Commonwealth Ct. 208, 506 A.2d 1357 (1986). By entering into a suspension agreement, an employer concedes that the claimant's disability is continuing. *Bupp*. Therefore, the only way in which an employer can relieve its liability is by offering suitable work to the claimant, or by successfully filing a termination petition, in which case the employer has the burden of proving that the claimant's disability has ceased. *Beissel v. Workmen's Compensation Appeal Board (John Wanamaker, Inc.)*, 502 Pa. 178, 465 A.2d 969 (1983). Employer here, however, did neither.

Claimant was fortunate to be able to perform his pre-injury job; however, this job was eliminated by Employer due to economic conditions. That being the case, it then became Employer's burden to offer Claimant other suitable employment. *Busche*. It did not do so. Therefore, we must reverse the Board's order and direct that claimant's benefits for total disability be reinstated.[4]

## ORDER

Now, December 29, 1988, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby reversed, and Claimant's total disability benefits are reinstated.

---

[4] Employer relies upon numerous cases to support its contention that where a claimant returns to his pre-injury job, work availability need not be shown. These cases, however, did not involve an attempt to reinstate a *suspension* agreement.