571 A.2d 1112

**USX CORPORATION f/k/a United States Steel Corporation, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (GUTHRIE), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted Jan. 19, 1990.

Decided March 16, 1990.

Martha R. Conley, Pittsburgh, for petitioner.

William E. Duffield, Uniontown, for respondent Carl Guthrie.

Before CRAIG and DOYLE, JJ., and BARRY, Senior Judge.

DOYLE, Judge.

Before us is an appeal by USX Corporation (Employer), from an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision and reinstating the benefits of Carl Guthrie (Claimant). We affirm the decision of the Board.

Claimant suffered a compensable back injury on September 9, 1979, for which he was paid benefits. Pursuant to a Supplemental Agreement, Claimant was released for work

on May 25, 1982 with an indeterminate disability and benefits were suspended. Claimant worked from May 25, 1982 to July 23, 1982, when he was laid off. He received thirty-three weeks of unemployment compensation benefits.

Claimant filed a reinstatement petition for workmen's compensation benefits on January 16, 1987. At the hearing Claimant testified that his disability had recurred. Claimant also submitted a report by Dr. Hartmann, who treated Claimant, which stated that the activities required of Claimant in the performance of work were impossible for him to perform. Employer submitted a report from Dr. Nayak which stated it was difficult to say what type of problem Claimant was experiencing since he did not have the x-rays or CAT scan for review, but that there was no reason to restrict Claimant from any type of activity.

The referee found Claimant had failed to meet his burden of proving his disability had recurred or changed in nature or extent.[1] The Board reversed the decision of the referee and ordered Claimant's benefits to be reinstated on the basis of this Court's decision in *Fells v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.)*, 122 Pa.Cmwlth. 399, 552 A.2d 334 (1988). This appeal followed.[2]

On appeal, Employer raises two issues. First, Employer contends that Claimant did not seek reinstatement within the requisite time period under Section 413 of The Pennsylvania Workmen's Compensation Act.[3] Section 413 provides in pertinent part:

A referee designated by the department may, at any time, modify, reinstate, suspend, or terminate a notice of compensation payable, an original or supplemental agree-

1. The referee did *not* reject Claimant's evidence on credibility grounds.

2. Our scope of review is limited to determining whether any constitutional rights have been violated, necessary findings of fact are supported by substantial evidence or an error of law has been committed. *Fells.*

3. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 772.

ment or an award of the department or its referee, upon petition filed by either party with the department, upon proof that the disability of an injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or that the status of any dependent has changed. Such modification, reinstatement, suspension or termination shall be made as of the date upon which it is shown that the disability of the injured employe has increased, decreased, recurred, or has temporarily or finally ceased, or upon which it is shown that the status of any dependent has changed: Provided, That ... no notice of compensation payable, agreement or award shall be reviewed, or modified, or reinstated, unless a petition is filed with the department within three years after the date of the most recent payment of compensation made prior to the filing of such petition:.... And provided further, That where compensation has been suspended because the employe's earnings are equal to or in excess of his wages prior to the injury that payments under the agreement or award may be resumed at any time during the period for which compensation for partial disability is payable, [9.6 years] unless it be shown that the loss in earnings does not result from the disability due to the injury.

Employer first contends that the three-year limitation applies and cites *Kopp v. Workmen's Compensation Appeal Board (Doylestown Processing Co.)*, 78 Pa.Commonwealth Ct. 292, 467 A.2d 425 (1983), as support for its contention that Claimant failed to file his petition within the three-year statute of limitations. However, *Kopp* is distinguishable from and inapplicable to the present case because *Kopp* did not involve an attempt to reinstate a *suspension* agreement. Kopp's employer petitioned for termination of her benefits. Kopp did not appear at the hearing, allegedly due to lack of notice. Her benefits were *terminated* and approximately four years later Kopp petitioned for reinstatement, which petition was denied by the Board. The Board's decision was affirmed by this Court on the basis of untimeli-

ness, that is, the petition for reinstatement was not filed within the three-year limitation bar of Section 413. That limitation, however, is totally inapplicable where there has been a suspension, which is addressed in the last proviso of Section 413.

■ Alternatively, Employer argues that under Section 413, "payments may be resumed at any time within 9.6 years after suspension [but only] *if the loss in earnings resulted from the disability due to the injury.* Since the claimant failed to sustain *his* burden of proving that his loss of earnings was due to this injury of 1979 as determined by the Referee's decision, he is bound by the three-year statute of limitations and his claim must be dismissed." (Employer's brief pp. 6, 7, emphasis added).[4] By arguing that Claimant has failed in *his* burden to prove that his loss of earnings was due to the 1979 injury, Employer misconstrues completely the import of a suspension. A suspension is an acknowledgement that some medical disability still exists and that benefits are suspended only because a claimant has returned to employment with wages that are at least as much as his/her preinjury wages. Remove that present employment and what is still present is the partial disability of the claimant. As we opined in *Fells:*

> When a claimant seeks to have his or her suspension lifted, that claimant is required *only* to demonstrate that the reasons for the suspension no longer exist. *Busche v. Workmen's Compensation Appeal .Board* (Townsend and Bottum, Inc.), 77 Pa.Commonwealth Ct. 469, 466 A.2d 278 (1983). Simply stated, the claimant's burden is to show that he or she remained disabled, and that such disability has manifested itself in a loss of earning power. *Busche; Venanzio v. Workmen's Compensation Appeal Board (Eastern Express),* 88 Pa.Commonwealth Ct. 204, 489 A.2d 284 (1985).

4. Claimant filed his petition for reinstatement on January 16, 1987 approximately four and one-half years after his benefits had been suspended. Claimant, therefore, filed his petition for reinstatement well within the established time limits.

*Id.* 122 Pa.Cmwlth. at 401, 552 A.2d at 335 (emphasis in original).

Claimant testified as to his existing disability and submitted a medical report corroborating this fact.[5] This evidence was legally sufficient to meet his burden. Claimant was laid off from his light-duty job due to economic conditions and was unable to secure employment within his physical limitations. There was no evidence that Employer had offered Claimant suitable employment.

> A presumptive partial disability exists whenever there is an agreement or an order to suspend compensation.... By entering into a suspension agreement, an employer concedes that the claimant's disability is continuing.... Therefore, *the only way in which an employer can relieve its liability is by offering suitable work to the claimant, or by successfully filing a termination petition,* in which case the employer has the burden of proving that the claimant's disability has ceased.

*Id.,* 122 Pa.Cmwlth. at 403, 552 A.2d at 336 (emphasis added) (citations omitted). Employer in this case neither found suitable employment for Claimant nor proved "that the loss in earnings does not result from the disability due to the injury." Further, the referee erred by placing the burden on the claimant to show that the disability was due to the injury. The burden was not upon Claimant, but upon Employer to show that the loss in earnings was not the result of the injury.

Accordingly, we affirm the Board's order reversing the decision of the referee and reinstating Claimant's benefits.

## ORDER

NOW, March 16, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

5. See Claimant's Exhibit No. 1.