582 A.2d 423

**YORK CITY SCHOOL DISTRICT and PMA Insurance Company, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (PEYSER, Purolator Courier and Royal Globe Insurance Company), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 17, 1990.

Decided Nov. 8, 1990.

Joseph C. Phillips, with him, Shawn P. Kenny, Peters & Wasilefski, Harrisburg, for petitioners.

N. Christopher Menges, Menges & Snyder, York, for respondent/claimant John G. Peyser.

Before COLINS and KELLEY, JJ., and BLATT, Senior Judge.

BLATT, Senior Judge.

The York City School District (employer) and its insurance carrier petition for review of an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision granting benefits to John G. Peyser (claimant).

■ On February 2, 1984, the claimant suffered a torn medial meniscus ligament in his left knee for which he had arthroscopic surgery and received compensation. He subsequently returned to work and compensation was suspended effective March 31, 1984 pursuant to a supplemental agreement. In January of 1985, the claimant had surgery on his left knee to reconstruct the anterior cruciate ligament. Thereafter, he filed a petition for reinstatement. The Board remanded the referee's initial decision reinstating the claimant's benefits for failure to make findings of fact on crucial issues. On remand, the referee modified his prior award to include all medical expenses incurred by the claimant in association with the reconstruction of his anterior cruciate ligament. The Board then issued an opinion and order affirming the referee's decision, and it is from this order that the employer appeals to this Court.[1]

■ Initially, we note that the claimant filed a claim petition in this case rather than a reinstatement petition.

1. Our scope of review is limited to determining whether the claimant's constitutional rights have been violated, whether an error of law has been committed and whether all necessary factual findings are supported by substantial evidence. *King v. Workmen's Compensation Appeal Board (Wendell H. Stone Co.),* 132 Pa.Commonwealth Court 292, 572 A.2d 845 (1990).

We further note that at the end of his claim petition, he stated that if appropriate, it could be considered a petition to modify a supplemental agreement. Now, in his brief, he asserts that he amended his claim petition to make it a petition for reinstatement of benefits. Although we can find no evidence in the record to support this claim, it appears that in its opinion, the Board treated the claimant's petition as one for the reinstatement of benefits. Based upon the evidence of record, we believe that the claimant is, in fact, seeking to have his suspension lifted, and that he should have filed a reinstatement petition. Nevertheless, if the evidence presented justifies relief under some section of The Pennsylvania Workmen's Compensation Act [2], relief may be granted regardless of the section under which the petition has been filed. *Andersen v. Workmen's Compensation Appeal Board (National Forge Co.)*, 113 Pa.Commonwealth Court 601, 537 A.2d 971 (1988). We will treat the claimant's petition accordingly.

On appeal, we must determine each party's burden of proof where a reinstatement petition has been filed following a suspension, and where the employer questions whether the claimant's disability arose from a new injury or a reinjury. To avoid further confusion, we will also address each party's burden of proof where a reinstatement petition has been filed following a termination.

 It is well established that a presumptive partial disability exists whenever there is an agreement to suspend compensation. *Fells v. Workmen's Compensation Appeal Board (Caterpillar Tractor)*, 122 Pa.Commonwealth Court 399, 552 A.2d 334 (1988). By entering into a suspension agreement, an employer concedes that a claimant's disability is continuing. *Id.*, 122 Pa.Commonwealth Court at 403, 552 A.2d at 336. It follows, therefore, that the burden of proof on a claimant who petitions for reinstatement following a suspension is materially different from the burden of proof on a claimant who petitions for reinstatement following a termination. In the former instance, a claimant is

2. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

only required to demonstrate that the reasons for the suspension no longer exist. *Venanzio v. Workmen's Compensation Appeal Board (Eastern Express)*, 88 Pa.Commonwealth Court 204, 489 A.2d 284 (1985). More specifically, a claimant is then required merely to show that he remained disabled, and that such disability has manifested itself in a loss of earning power. *Fells*, 122 Pa.Commonwealth Court at 401, 552 A.2d at 334–35. Consequently, we conclude that where a reinstatement petition has been filed following a suspension, the burden is on an employer, in the nature of an affirmative defense, to demonstrate that the disability is, in fact, attributable to a new injury for which a different employer might be liable. *Bechtel Power Corp. v. Workmen's Compensation Appeal Board (Casey)*, 115 Pa. Commonwealth Court 374, 540 A.2d 10 (1988). In the latter instance, where a reinstatement petition has been filed following a termination, it is the claimant who bears the higher burden of proof. There, a claimant must show that he is again disabled due to a change in his condition or a recurrence of his injury. *See Venanzio*, 88 Pa.Commonwealth Court at 207, 489 A.2d at 286.

Upon review of the claimant's testimony here and of the deposition testimony of his physician, Dr. Kalenak, we are satisfied that the claimant did meet his burden of proving that he remained disabled, and that his disability manifested itself in a loss of earning power. The burden was then on the employer to demonstrate that the claimant's disability was attributable to a new injury rather than to a reinjury. The employer contends that Dr. Kalenak's testimony serves to satisfy its burden of proof. We disagree, however, because in terms of demonstrating that the claimant's disability was attributable to a new injury rather than a reinjury, we find Dr. Kalenak's testimony to be equivocal.[3]

Accordingly, we will affirm the order of the Board.

**3.** On direct examination, Dr. Kalenak testified that the claimant's anterior cruciate ligament *"may have been* torn" in February, 1984.

## ORDER

AND NOW, this 8th day of November, 1990, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

Deposition of Dr. Kalenak at 9–10, Reproduced Record (R.R.) at 155a–56a (emphasis added).

On cross examination, Dr. Kalenak testified that the tear of the claimant's anterior cruciate ligament *"could have been,* yes" at least 12 months prior to March, 1984 surgery. Deposition of Dr. Kalenak at 30, R.R. at 176a (emphasis added).