592 A.2d 827

**Bernard E. GAFF, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BABCOCK AND WILCOX and AM Industrial Contraction and Treadwell Corporation and Schneider, Inc. and Combustion Engineering and McCrosson and Foster Wheeler Energy Corp.), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 16, 1990.

Reconsideration Granted March 8, 1991.

Decided June 4, 1991.

James J. Bedortha, Henderson & Goldberg, P.C., Pittsburgh, for petitioner.

Eric Jones, Will, Keisling, Ganassi & Schmitt, Carnegie, for respondents.

Before DOYLE and BYER, JJ., BARRY, Senior Judge.

DOYLE, Judge.

This is an appeal by Bernard E. Gaff (Claimant) from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing

Claimant's claim petition on the basis that he had failed to give timely notice to Babcock and Wilcox, AM Industrial Contraction, Treadwell Corporation, Schneider, Inc., Combustion Engineering, McCrosson, and Foster Wheeler Energy Corporation (collectively Employers) in accordance with Section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.

On January 8, 1991 we filed an opinion which modified the Board's order to reflect that Claimant's notice to Employers was given on his last day of work. We then remanded for a hearing on the merits. *Gaff v. Workmen's Compensation Appeal Board (Babcock and Wilcox) (Gaff I)*, (No. 1287 C.D.1990, filed January 8, 1991), 1991 WL 1207. Employers filed an application for reconsideration contending that we had erred in not addressing the merits of their defense of untimely notice. We agreed and granted reconsideration to address that issue. As we explained in *Gaff I*:

The referee pertinently found that Claimant had filed his claim petitions against the various Employers on November 27, 1987 pursuant to the occupational disease provision appearing in Section 108 of the Act, 77 P.S. § 27.1, alleging that he had become totally disabled from his position as a boilermaker on September 4, 1987 as a result of continuous exposure to deleterious dust, fumes, gases and particulates including asbestos. The referee found that notice had been given to Employers on November 13, 1987.

Claimant testified at the hearing that he had been advised in September 1975 that he had asbestosis. Nonetheless, he continued to work until March 1986 when he was involved in an automobile accident. He never returned to work after that time. Claimant also stated that in September of 1987 x-rays were taken and he was advised by his doctor not to return to work. The referee also specifically found that in January 1986 Claimant filed a complaint in the federal district court against various

companies seeking damages for his asbestosis. In that complaint he alleged that he was 'totally disabled from asbestosis' and that 'while employed by various contractors as a boilermaker was exposed to and did inhale asbestos dust and fibers, which caused the conditions ... resulting in [Claimant's] total disability.'

Based upon the allegations in the federal complaint, which document was made part of the record in the workmen's compensation proceedings, the referee concluded that Claimant had been aware of his disease and its relation to his employment as of January 1986 (despite the fact that he continued to work until March of 1986) and that because he had failed to give notice to Employers of his condition until November of 1987 his claim was time barred by the 120 day notice provision appearing in Section 311 of the Act. He thus dismissed the claim petition. On appeal the Board affirmed and Claimant's further appeal to this Court ensued (footnotes eliminated).

■ We held in *Gaff I* that because "disability" for purposes of workmen's compensation is synonymous with loss of earning power, Claimant could not have been legally disabled while he continued to work. We concluded, relying on *Airco Speer Carbon v. Workmen's Compensation Appeal Board*, 38 Pa.Commonwealth Ct. 274, 392 A.2d 360 (1978), that the *earliest* date on which Claimant could have been disabled and, hence, could have given notice of a work-related disability, was his last day of work. We reaffirm this principle.

Section 311 of the Act provides in full:

Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be al-

lowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable diligence should know, of the existence of the injury and its possible relationship to his employment. *The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.* (Emphasis added.)

This was a specific expression of legislative intent that, *"in cases of occupational disease,"* the time for giving notice under the 120 day mandate begins to run from the time the claimant *is disabled,* and also knows or should know that he is disabled. *Airco Speer Carbon; see also Jones & Laughlin Steel Corp. v. Workmen's Compensation Appeal Board,* 35 Pa.Commonwealth Ct. 610, 387 A.2d 174 (1978).

 In the proceedings below the referee had concluded that Claimant was aware of both his injury and its relationship to his employment in January 1986 when he filed the federal complaint. However, the term "injury" under Section 311 must be interpreted as "disability," which, as we have already stated, for purposes of workmen's compensation, is synonymous with loss of earning power.[1] *See Blass v. Workmen's Compensation Appeal Board (Shenandoah Mining Co.),* 77 Pa.Commonwealth Ct. 337, 465 A.2d 1094 (1983). Thus, this conclusion of the referee was erroneous as a matter of law. The referee had further concluded that Claimant had given *untimely* notice on November 13, 1987 using the January 1986 date to compute the 120–day notice provision. Because of the

**1.** The notice requirement under Section 311 of the Act in cases of occupational disease is not to be confused with the three year statute of limitation for filing a claim petition under Section 315 of the Act, 77 P.S. § 602. In the latter case, the term "injury" has been judicially interpreted to mean "injury" and not "disability." *McDevitt v. Workmen's Compensation Appeal Board (Ron Davidson Chevrolet),* 106 Pa.Commonwealth Ct. 207, 525 A.2d 1252 (1987), *petition for allowance of appeal granted,* 518 Pa. 629, 541 A.2d 1140 (1988), *appeal dismissed as improvidently granted,* 520 Pa. 119, 552 A.2d 1048 (1989).

referee's error in using the January 1986 date as the onset of Claimant's disability the question of whether timely notice was given on Claimant's last day of work or sometime thereafter was obviously not addressed.

■ It is well settled that in occupational disease cases such as this one a claimant is required to give notice to his employer within 120 days of the time that he first knew, or in the exercise of reasonable diligence should have known, that he was disabled due to an occupational disease and the possible relationship of the disease to his employment. *Lambert v. Workmen's Compensation Appeal Board (Reitz Coal Co.)*, 106 Pa.Commonwealth Ct. 565, 526 A.2d 1263 (1987). Here, the referee's pertinent findings include the fact that Claimant was advised in September of 1985 only that he had asbestosis; that he worked until March of 1986; that in September of 1987 he was again told that he had asbestosis and should not return to work and that on or about November 13, 1987 he gave notice to Employers. What is missing is a direct finding as to what date subsequent to his leaving work Claimant knew his asbestosis was due to his employment and that it was disabling. This finding is necessary for the triggering of the 120–day notice provision under the discovery rule. Accordingly, we must remand for an evidentiary hearing on this issue subsequent to which appropriate findings must be made. Should the referee find that notice *was* timely, a hearing on the merits should also be held. A further finding by the referee that notice was not timely, would obviate the need for a hearing on the merits.

## ORDER

NOW, June 4, 1991, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby vacated and this case is remanded for further proceedings consistent with this opinion.

Jurisdiction relinquished.