618 A.2d 1175

**Thomas DIEHL, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (TASCO IN-SULATION, INC., Nitro Industrial Covering, Inc., Babich Plumbing, Johns–Manville, Inc., Gailey, Inc., Town and Country Refrigeration, Simakas Brothers Company, Pittsburgh School District, Allegheny Insulation Company, Inc., State Workmen's Insurance Fund, Pacific Employes, Inc.), Respondents.**

Commonwealth Court of Pennsylvania.

Argued Oct. 19, 1992.

Decided Dec. 16, 1992.

James J. Bedortha, for petitioner.

Ned Trbovich, for respondent Nitro Industrial Covering, Inc.

David H. Dille, for respondent Pittsburgh School Dist.

Before PALLADINO and FRIEDMAN, JJ., and SILVESTRI, Senior Judge.

PALLADINO, Judge.

Thomas Diehl (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision dismissing Claimant's petitions for failure to give timely notice under section 311 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.[1]

1. Section 311 states in its entirety:
   Unless the employer shall have knowledge of the occurrence of the injury, or unless the employe or someone in his behalf, or some of the dependents or someone in their behalf, shall give notice thereof to the employer within twenty-one days after the injury, no compensation shall be due until such notice be given, and, unless such notice be given within one hundred and twenty days after the occurrence of the injury, no compensation shall be allowed. However, in cases of injury resulting from ionizing radiation or any other cause in which the nature of the injury or its relationship to the employment is not known to the employe, the time for giving notice shall not begin to run until the employe knows, or by the exercise of reasonable

Claimant worked as an asbestos insulator mechanic from 1947 to June 1, 1987, for various employers. On August 19, 1987, Claimant filed petitions against seventeen employers under the Act alleging that he became totally disabled on June 1, 1987 as the result of pulmonary injury/asbestosis caused by continuous exposure to asbestos and other particulates in the course of his employment.[2] Claimant gave notice of his injury to the employers by certified mail on August 10, 1987. Claimant testified at a hearing before the referee that he had an x-ray in 1985 which confirmed that he had asbestosis. Nonetheless, Claimant continued to work until June 1, 1987 when he experienced shortness of breath which prevented him from performing his job.

In support of his claim petitions, Claimant presented the deposition testimony of Dr. David Laman. Dr. Laman examined Claimant on October 29, 1987, and again in October of 1988. Dr. Laman testified that Claimant had asbestosis which was caused by Claimant's exposure to asbestos in his employment, and that Claimant also had plural thickening of the lungs which was caused by occupational exposure to asbestos, as well as by Claimant's history of cigarette smoking. Dr. Laman concluded that Claimant was disabled from his former employment, but that Claimant could perform sedentary work in a dust free environment.

Employers presented the deposition testimony of Dr. Gregory J. Fino who examined Claimant on October 12, 1988. Dr. Fino testified that Claimant was not suffering from asbestosis, but diagnosed Claimant with a mild chronic obstructive ventilatory defect attributable to Claimant's cigarette smoking. After hearings, the referee, finding the testimony of Dr. Laman more credible than that of Dr. Fino, determined that

diligence should know, of the existence of the injury and its possible relationship to his employment. The term "injury" in this section means, in cases of occupational disease, disability resulting from occupational disease.

2. Claimant subsequently withdrew his claim petition against one of the employers. Seven of the sixteen remaining employers were later dismissed by a referee's March 15, 1988 order. Proceedings continued against the remaining nine employers (Employers).

Claimant suffered from asbestosis which totally disabled him from his pre-injury job. The referee found that while Claimant did not work in an exposure environment for more than one year at any one employer, Claimant was exposed to the hazards of asbestosis for the longest period at Nitro Industrial Covering, Incorporated (Nitro).

The referee also specifically found that:

A civil complaint was filed in the United Stated [sic] District court for the Western District of Pennsylvania to No. 86 151 on January 21, 1986 by the claimant. This complaint was filed against insulation manufacturers alleging that the claimant was totally disabled from asbestosis and is based on the same circumstances and employment as presented in these proceedings. The claimant admitted that he had reviewed the complaint and that the statements contained therein were true and correct.

Referee's Finding of Fact No. 15.

The referee determined that Claimant knew or should have known in January 1986 when he filed his civil complaint of the existence of his disability and its relationship to his employment, and that Claimant failed to give notice of his disability to his employers within the 120 days required by section 311 of the Act. The referee, therefore, dismissed the claim petitions against Employers. Claimant appealed to the Board which affirmed.

■ On appeal, the sole issue raised by Claimant is whether the referee erred by dismissing Claimant's petitions on the basis of a finding of untimely notice to Employers under section 311 of the Act. Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. *York City School District v. Workmen's Compensation Appeal Board (Peyser)*, 136 Pa.Commonwealth Ct. 110, 582 A.2d 423 (1990).

Claimant contends that the referee erred in using the January 21, 1986 filing of the federal complaint as the date on which the 120 day notice period began to run. Claimant

argues that the time for giving notice under the 120 day mandate of section 311 in occupational disease cases begins to run from the time that the claimant is disabled and knows or should know that he is disabled. Claimant further argues that the term "disability," has been consistently construed to mean a loss of earning power, and asserts that because he continued to work until June 1, 1987 he could not have been legally disabled in January of 1986 when he filed his federal complaint. In support of his arguments, Claimant relies on *Gaff v. Workmen's Compensation Appeal Board (Babcock & Wilcox)*, 140 Pa.Commonwealth Ct. 330, 592 A.2d 827 (1991).

We agree with Claimant that *Gaff* is dispositive of the present case. In *Gaff*, as in the present case, a claimant filed a federal complaint in January of 1986 against various companies seeking damages for his asbestosis. However, the claimant continued to work until March of 1986 when he retired due to an automobile accident. On November 27, 1987, the claimant filed claim petitions against various employers alleging that he was totally disabled due to asbestosis. Notice was given to the employers on November 13, 1987. The referee in *Gaff*, as the referee here, found that the 120 day notice period began to run on the date the claimant filed the federal suit in January of 1986, and that because the claimant failed to give notice until November 13, 1987, his claim was time barred by section 311.

This court held in *Gaff* that because a claimant is not legally disabled for purposes of workmen's compensation until the claimant suffers a loss of earning power, that the earliest date on which the claimant could have been disabled and, hence, could have given notice of a work-related disability was his last day of work. We concluded in *Gaff* that the referee, therefore, erred in using the date of the claimant's federal suit as the commencement of the 120 day notice period. *Gaff* was remanded for an evidentiary hearing so that the referee could make a direct finding as to what date subsequent to claimant's leaving work he knew his asbestosis was due to his employment and that it was disabling.

■■ Accordingly, the referee in the present case erred in using the date of Claimant's federal suit to compute the 120 day notice provision. While Claimant's federal complaint may have alleged that Claimant was disabled from asbestosis caused by exposure to asbestos, the allegations set forth in the federal complaint are not dispositive of disability for the purposes of workmen's compensation. *See Consolidation Coal Co. v. Workmen's Compensation Appeal Board,* 47 Commonwealth Ct. 64, 407 A.2d 134 (1979); *Republic Steel Corporation v. Workmen's Compensation Appeal Board,* 47 Pa.Commonwealth Ct. 74, 407 A.2d 117 (1979); *Republic Steel Corp. v. Workmen's Compensation Appeal Board,* 39 Pa.Commonwealth Ct. 292, 395 A.2d 322 (1978); *Jones & Laughlin Steel v. Workmen's Compensation Appeal Board,* 35 Pa.Commonwealth Ct. 610, 387 A.2d 174 (1978). As explained in *Gaff,* and many other cases, the term "disability" for purposes of workmen's compensation means a loss of earning power. *Dugan v. Workmen's Compensation Appeal Board (Fuller Company of Catasauqua),* 131 Pa.Commonwealth Ct. 218, 569 A.2d 1038 (1990); *Scobbie v. Workmen's Compensation Appeal Board (Greenville Steel Car Company),* 118 Pa.Commonwealth Ct. 424, 545 A.2d 465 (1988), *petitions for allowance of appeal denied,* 522 Pa. 606, 562 A.2d 828; 522 Pa. 607, 562 A.2d 829 (1989); *Airco Speer Carbon v. Workmen's Compensation Appeal Board,* 38 Pa.Commonwealth Ct. 274, 392 A.2d 360 (1978); *Consolidation Coal; Jones & Laughlin Steel.* Because Claimant worked until June 1, 1987, he could not have been legally disabled for purposes of workmen's compensation prior to that date, and therefore could not have given notice of his disability until after that date.

The referee, because he erred in using January 21, 1986 as the onset of Claimant's disability, failed to find a date of disability subsequent to Claimant's last day of work on June 1, 1987. Therefore, because the referee determined that Claimant was totally disabled, we must remand the case for a finding of when subsequent to June 1, 1987 the disability began so as to have a date from which to compute benefits.

However, we need not remand for a date as to when the Claimant knew he had a work-related disability for the purposes of determining whether notice was timely, as we did in *Gaff*, because that date could not be a date prior to June 1, 1987, Claimant's last day of work, and Claimant gave notice to Employers on August 10, 1987, which is well within the 120 day mandate of section 311. *See Split Vein Coal Co. v. Workmen's Compensation Appeal Board (Erdman)*, 124 Pa.Commonwealth Ct. 642, 556 A.2d 958 (1989).

Accordingly, we reverse the order of the Board affirming the dismissal of Claimant's petitions because the referee erred in finding that Claimant failed to give timely notice under section 311. We also remand for a finding of when, subsequent to June 1, 1987, Claimant became totally disabled, as well as a computation of total disability benefits from the date so determined.

## ORDER

AND NOW, December 16, 1992, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is reversed and the case is remanded for findings consistent with this opinion.

Jurisdiction relinquished.