620 A.2d 582

**David M. POWELL, Petitioner,**

**v.**

**WORKMEN'S COMPENSATION APPEAL BOARD (BECHTEL POWER CORP., Pa. Mfg. Assoc. Ins. Co., J.N. Lambert, Inc., K and M Corporation, Lumbermens Mutual Casualty, Sterns Catal. Div. of Un Engin, AC and S, Inc., Lambert Insulation, Inc., Performance Contracting, General Accident Ins. Co., Swif, National Union Fire Ins., Travelers Insurance Co., Aetna Casualty & Surety), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 31, 1992.

Decided Jan. 14, 1993.

Reargument Denied March 11, 1993.

James J. Bedortha, for petitioner.

Edward G. Kuyat, Jr., for respondent, Bechtel Power Corp.

Matthew R. Wimer, for respondents J.N. Lambert, Inc. and General Accident Ins. Co.

Edward D. Klym, for respondents Stearns Catalytic Div. of United Engineers and National Union Fire Ins. Co.

David P. Andrews, for respondent Performance Contracting and Aetna Life and Casualty.

Before CRAIG, P.J., PELLEGRINI, J., and BLATT, Senior Judge.

BLATT, Senior Judge.

David M. Powell (claimant) appeals here from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision dismissing his Claim Petition for failing to notify the employer (Bechtel Power Corp., et al.) of his injury within 120 days of its occurrence as required by Section 311 of The Pennsylvania Workmen's Compensation Act.[1]

On January 10, 1985, the claimant filed a complaint in a civil action in the United States District Court for the Western District of Pennsylvania. In this complaint, he alleged that he had contracted asbestosis as a result of his inhalation of asbestos dust in his employment and that he was totally

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 631.

disabled as a result. The claimant also alleged that he had suffered injuries which entitled him to damages for loss of consortium, pain and suffering, *wage loss,* and medical expenses.

On October 1, 1987, the claimant filed a Claim Petition with the Bureau of Worker's Compensation alleging that he had become totally disabled on November 6, 1986, due to asbestosis which he contracted in the course of his employment. Furthermore, he alleged that he notified the employer of his disability on January 27, 1987. The employer filed a timely answer denying these allegations. Before the referee, the claimant testified that prior to filing his complaint in federal court, he was aware of the association between the asbestos dust at work and asbestosis. In addition, he knew that continuing work in an environment of asbestos dust was harmful to someone diagnosed with asbestosis. In support of its argument that the claimant failed to give the employer timely notice of his injury, the employer introduced a copy of the claimant's complaint in federal court.

The referee found that the claimant knew of his work-related disability at the time he filed suit in federal court in January, 1985. The referee also found that the claimant did not notify his employer of his disability until January 27, 1987. Based upon these findings, the referee concluded that the claimant's Claim Petition was time barred because he had failed to notify the employer of his disability within 120 days of its occurrence. The Board affirmed the decision of the referee and the claimant now appeals to this court.

The only issue before us is whether the referee erred by finding that the claimant was disabled in January, 1985 and that he failed to notify the employer of his disability in a timely manner.

Our scope of review in workmen's compensation cases where both parties have presented evidence is limited to a determination of whether constitutional rights have been violated, errors of law committed, or if findings of fact are supported by substantial evidence. *Nesman v. Workmen's*

*Compensation Appeal Board (Welded Constr. Co.),* 121 Pa.Commonwealth Ct. 90, 550 A.2d 583 (1988). Where the Board does not take additional evidence, it is the referee who is the ultimate arbiter of questions of credibility, conflicting evidence, and the weight to be accorded the evidence. *Cavallo v. Workmen's Compensation Appeal Board (Barnes & Tucker Co.),* 132 Pa.Commonwealth Ct. 22, 571 A.2d 1096 (1990). In this capacity, the referee may accept or reject the testimony of any witness in whole or in part. *Hess Brothers v. Workmen's Compensation Appeal Board (Gornick),* 128 Pa.Commonwealth Ct. 240, 563 A.2d 236 (1989). In addition, whether the claimant has provided proper notice to the employer is a question of fact for the referee to determine. *Colt Industries v. Workmen's Compensation Appeal Board,* 57 Pa.Commonwealth Ct. 463, 426 A.2d 743 (1981).

The claimant argues that the referee erred by not following the precedent established in *Gaff v. Workmen's Compensation Appeal Board (Babcock and Wilcox),* 140 Pa.Commonwealth Ct. 330, 592 A.2d 827 (1991). There, the claimant filed a complaint in federal district court alleging total disability resulting from asbestosis. The complaint was filed nearly two years prior to the filing of a claim petition alleging total disability from the same occupational disease. We held that the general allegation of disability in the federal complaint was not sufficient to establish disability in a workmen's compensation case because disability is synonymous with a loss of earning power and there was no evidence of such a loss.

Here, however, the complaint filed by the claimant did not merely allege total disability from a work-related disease, but also included an allegation of earnings loss resulting from this disability. With such evidence as the admissions contained in the federal complaint and the claimant's testimony regarding his knowledge of his condition at the time he filed the complaint, we believe the referee's finding of untimely notice under Section 311 of The Pennsylvania Workmen's Compensation Act is supported by substantial evidence.

Accordingly, the order of the Board is affirmed.

## ORDER

AND NOW, this 14th day of January, 1993, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is affirmed.