Hubert LYKINS, Petitioner,

v.

WORKMEN'S COMPENSATION AP-
PEAL BOARD (NEW CASTLE
FOUNDRY), Respondent.

Commonwealth Court of Pennsylvania.

Argued Nov. 14, 1995.
Decided Jan. 25, 1996.
Reargument Denied March 7, 1996.

Frank A. Natale, for Petitioner.

Walter E. Werner, III, for Respondent.

Before DOYLE and SMITH, JJ., and MIRARCHI, Senior Judge.

DOYLE, Judge.

Hubert Lykins (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which reversed an order of the Workers' Compensation Judge (WCJ) denying the petition for modification of New Castle Foundry (Employer).

On July 22, 1991, Claimant sustained an injury to his neck and back while in the course of his employment with Employer. A notice of compensation payable was issued and Claimant began to receive total disability benefits. He collected total disability benefits until February of 1992, when he returned to work at a light duty job. Claimant then began to receive partial disability benefits. However, on March 31, 1994, he again became totally disabled and started to receive total disability benefits in the amount of $322.03 per week. *On April 16, 1994*, Claimant also began to receive unemployment compensation benefits in the amount of $239.00 per week.

Employer filed a modification petition seeking a credit against Claimant's total disability benefits based on the amount of unemployment compensation benefits he was receiving. Employer's petition was predicated upon Section 204(a) of the Workers' Compensation Act (Act),[1] which was amended by Section 4 of Act 44 of 1993.[2] Prior to the enactment of Act 44, Section 204(a) provided as follows:

(a) No agreement, composition, or release of damages made before the date of any injury shall be valid or shall bar a claim for damages resulting therefrom; and any such agreement is declared to be against the public policy of this Commonwealth. The receipt of benefits from any association, society, or fund shall not bar the recovery of damages by action at law, nor the recovery of compensation under article three hereof; and any release executed in consideration of such benefits shall be void: *Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of section 108.*[3] (Emphasis added.)

77 P.S. § 71. Amended Section 204(a) went into effect on August 31, 1993. In that amendment the General Assembly redrafted the last sentence of Section 204(a)[4] to read as follows:

Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received *shall be credited as against the amount of the award made under the provisions of sections 108 and 306, except for benefits payable under section 306(c) or 307.*[5] (Emphasis added.)

77 P.S. § 71(a).

After hearings were conducted, the WCJ issued an order denying Employer's modification petition. The WCJ concluded that,

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).

2. Act of July 2, 1993, P.L. 190, effective in 60 days.

3. Section 108 of the Act, 77 P.S. § 27.1, concerns benefits awarded for certain occupational diseases.

4. Act 44 also added subsection (b) to Section 204 which provides:

(b) For the exclusive purpose of determining eligibility for compensation under ... the "Unemployment Compensation Law," weekly compensation paid to an employe under this act shall be deemed a credit week as that term is defined in the "Unemployment Compensation Law."
77 P.S. § 71(b).

5. Section 306(a), 77 P.S. § 511, pertains to totally disability benefits, and Section 306(b), 77 P.S. § 512, pertains to partial disability benefits. Section 306(c), 77 P.S. § 513, establishes the benefit rates for specific loss injuries; Section 307, 77 P.S. § 561, involves compensation to certain individual upon the death of an employee.

because Claimant was *injured* prior to the effective date of amended Section 204, Employer was seeking to retroactively apply the provisions of that amendment to Claimant. His conclusion relied, in part, on Section 26 of Act 44 which states that "[n]o changes in indemnity compensation payable by this Act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section." The WCJ also concluded that amended Section 204 could not be retroactively applied to Claimant because it affected his substantive right to benefits and was not merely procedural. Therefore, in the WCJ's view, the pre-Act 44 version of Section 204 was controlling. Under the old provisions Employer would not be entitled to a credit for Claimant's unemployment compensation benefits, because Claimant's benefits were not awarded under Section 108 of the Act.

Employer appealed to the Board which reversed the WCJ's order. The Board rejected the WCJ's holding that amended Section 204(a) cannot apply to injuries sustained before the effective date of that section, August 31, 1993. In the Board's view, the date on which a claimant qualifies to receive unemployment compensation, not the date of injury, is the critical date for determining whether the pre-Act 44 or post-Act 44 version of Section 204 is applicable in a given case. The Board reasoned as follows:

> The unemployment compensation credit does not reduce the amount of compensation to which Claimant is entitled but rather provides for a credit to Defendant for amounts received by Claimant from the unemployment compensation. Claimant would continue to receive the full amount that the workmen's compensation act provides but he will not receive an excess because of his right to unemployment benefits. Section 204(a) does not reduce the amount received by Claimant but rather allows for a credit when part of the benefit is paid by another source. However, the analysis will hold true only if Claimant is not already receiving unemployment benefits as of August 31, 1993. If on August 31, 1993, Claimant is already receiving unemployment compensation and the credit set forth in Section 204(a) is enforced, then what Claimant is receiving will be reduced, i.e.[,] if on August 31, 1993, a credit is to be granted to Defendant for continuing unemployment compensation benefits then Claimant's right to benefits is being reduced which the 1993 amendment to Section 204(a) was not intended to do.

> If Claimant is injured prior to August 31, 1993, but would first qualify for unemployment compensation after August 31, 1993, then [amended] Section 204 would apply so that the unemployment compensation paid would be a credit to Defendant. In such instances, the amount actually received by Claimant is not reduced. Claimant has never received unemployment compensation *and* workmen's compensation, thus no reduction occurs.

(Board Decision at 3; Reproduced Record (R.R.) at 24.) Because Claimant qualified for unemployment benefits in April of 1994, months after the effective date of amended Section 204(a), August 31, 1993, the Board held that amended Section 204 applied to the instant case. The Board accordingly reversed the WCJ's order and granted Employer a credit of $239.00 per week beginning April 16, 1994. This appeal by Claimant followed.

On appeal, Claimant argues that: (1) the Board erred in retroactively applying amended Section 204 since he was injured before the effective date of that amendment; and (2) Section 204(b) violates the due process and equal protection clauses of the United States and Pennsylvania Constitutions and is void for vagueness.

■ "A retroactive law [is] defined as one which relates back to and gives a previous transaction a legal effect different from that which it had under the law in effect when it transpired." *Department of Labor and Industry, Bureau of Employment Security v. Pennsylvania Engineering Corp.*, 54 Pa. Cmwlth. 376, 421 A.2d 521, 523 (1980). Section 1926 of the Statutory Construction Act of 1972 (SCA), 1 Pa.C.S. § 1926, states that "[n]o statute shall be construed to be retroactive unless clearly and manifestly so intended by the General Assembly." Furthermore, Section 1953 of the SCA, 1 Pa.C.S. § 1953,

pertaining to the construction of amendatory statutes such as Act 44, provides that "new provisions shall be construed as effective only from the date when the amendment became effective."

In light of the aforementioned provisions of the SCA, statutes must be given prospective effect only, unless the statute includes clear language to the contrary. *Green v. Pennsylvania Public Utility Commission*, 81 Pa.Cmwlth. 55, 473 A.2d 209 (1984), *aff'd sub nom. Barasch v. Pennsylvania Public Utility Commission*, 507 Pa. 430, 490 A.2d 806 (1985). Amendatory statutes, in particular, are to be construed as retroactive only where such a construction is so clear as to preclude all questions as to the intent of the General Assembly. *Budnick v. Budnick*, 419 Pa.Superior Ct. 172, 615 A.2d 80 (1992), *petition for allowance of appeal denied*, 533 Pa. 641, 622 A.2d 1374 (1993).

In the present case, nothing in Act 44 indicates that the General Assembly intended the amended version of Section 204 to apply retroactively. In fact, Section 26 of Act 44 strongly implies that Act 44's provisions are *not* to be retroactively applied. Section 26 states that "[n]o changes in indemnity compensation payable by this act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section." Hence, we conclude that Act 44 and, more specifically, new Section 204 were intended only to apply prospectively. *Green; Budnick.*

Notwithstanding the above, a statute may be retroactively applied where it is merely procedural and does not alter any substantive rights. *Page's Department Store v. Velardi*, 464 Pa. 276, 346 A.2d 556 (1975). Substantive rights include vested rights [6] and the obligations imposed under a contract. *Creighan v. City of Pittsburgh*, 389 Pa. 569, 132 A.2d 867 (1957). A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions or occurrences. *McMahon v. McMahon*, 417 Pa.Superior Ct. 592, 612 A.2d 1360 (1992). On the other hand, procedural statutes establish the method for enforcing a right, but have no bearing on a claimant's legal entitlement to relief under the facts as they exist in a particular case. *Page's Department Store.*

The right to collect workers' compensation and unemployment compensation benefits is clearly a substantive right that, in the absence of the clearly expressed intent of the legislature, cannot be abrogated by retroactive application of a statute. *Montgomeryville Airport, Inc. v. Workmen's Compensation Appeal Board (Weingrad)*, 116 Pa. Cmwlth. 433, 541 A.2d 1187 (1988) (amendment to the Act could not be retroactively applied to increase the claimant's benefits, since the claimant's right to benefits, and the employer's obligation to pay those benefits, were fixed by the law in force at the time of the injury); *Department of Labor and Industry v. Unemployment Compensation Board of Review*, 159 Pa.Superior Ct. 577, 49 A.2d 278 (1946) (although a claimant has no vested right to unemployment benefits, in the absence of a clear statement of the Legislature, a statute may not be retroactively applied to disqualify a claimant from receiving benefits).

In *Keystone Coal Mining Corp. v. Workmen's Compensation Appeal Board (Wolfe)*, 673 A.2d 418 (Pa.Cmwlth.1996), we held that amended Section 204 could not be retroactively applied when the claimant began to receive *both* workers' compensation and unemployment compensation benefits before the effective date of the amendment. We explained that applying Section 204 retroactively in that circumstance would reduce a claimant's benefits and, therefore, have a direct negative impact on the claimant's substantive right to collect both workers' com-

---

**6.** A vested right is defined as an "immediate or fixed right to present or future enjoyment and one that does not depend on an event that is uncertain." *J.R.W., Inc. v. Manchester Borough Council*, 148 Pa.Cmwlth. 238, 610 A.2d 1078, 1081 (1992) (quoting Black's Law Dictionary 1402 (5th ed. 1979)). Vested rights are irrevocable and unalterable. *Sanders v. Loomis Armored, Inc.*, 418 Pa.Superior Ct. 375, 614 A.2d 320 (1992), *petition for allowance of appeal denied*, 535 Pa. 661, 634 A.2d 224 (1993).

pensation and unemployment compensation simultaneously.

The instant case, however, is factually distinguishable from *Keystone.* While Claimant was injured and began to receive workers' compensation benefits before Act 44 and amended Section 204 went into effect, he did not qualify for and begin to receive unemployment compensation benefits until April of 1994, months after the amendment became effective. We, like the Board, believe that this distinction is critical.

Under *Keystone, Montgomeryville Airport,* and *Department of Labor and Industry,* a claimant has a substantive right to workers' compensation and unemployment compensation benefits as provided by the statute in force at the time the claimant qualifies for compensation. In order for Claimant, in the instant case, to have a right to collect workers' compensation *and* unemployment compensation under the provisions of the pre-Act 44 version of Section 204, that right had to be fixed before the effective date of amended Section 204. Therefore, because Claimant did not begin to receive unemployment compensation benefits until after amended Section 204 went into effect, we conclude that Claimant never established a substantive right to collect both workers' compensation and unemployment compensation benefits.

In light of the above, this case does not present a situation where Employer is seeking to retroactively apply amended Section 204 to defeat a fixed, substantive right of Claimant. Instead, Employer took advantage of its right to a credit under the amendment to Section 204 when the event that triggered that right occurred, *i.e.,* Claimant qualifying for and receiving unemployment compensation benefits, months after the amendment became effective. We, therefore, hold that the Board did not err in determining that Employer was entitled to a credit in these circumstances.

Further, our holding does not violate Section 26 of Act 44 which proscribes changes in indemnity compensation for injuries sustained prior to the effective date of that section. Claimant's $322.03 in total disability benefits will not be reduced by our decision today. After the credit is deducted from that award, Claimant's combined workers' compensation and unemployment benefits will equal the amount of his total disability benefits, $322.03. This decision only prevents Claimant from receiving the combined total of his disability and unemployment benefits, $561.03. Hence, Claimant's indemnity compensation will not be reduced in violation of Section 26 of Act 44.

Next, Claimant contends that amended Section 204(b) is unconstitutional because it violates the due process and equal protection provisions of both the United States and Pennsylvania Constitutions and is void for vagueness. Our examination of the record reveals that although Claimant alleged that the Board committed an error of law, he never asserted in his petition for review that amended Section 204(b) was unconstitutional or void for vagueness. While an appellant is only required by Pa.R.A.P. 1513 to present general objections in a petition for review, the complex constitutional issues Claimant raises in his brief cannot be deemed to be comprised within the language of his petition for review. *See McGrath v. State Board of Dentistry,* 159 Pa.Cmwlth. 159, 632 A.2d 1027 (1993) (this Court refused to consider appellant's contention that a statute was facially unconstitutional because he failed to include that allegation in his petition for review). Therefore, pursuant to *McGrath,* Claimant waived this issue and we decline to consider it.

Accordingly, the Board's order is affirmed.

### *ORDER*

NOW, January 25, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

SMITH, J., concurs in the result only.