713 A.2d 77

**Hubert LYKINS, Appellant,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(NEW CASTLE FOUNDRY), Appellee.**

Supreme Court of Pennsylvania.

Argued March 4, 1997.

Decided May 27, 1998.

Reargument Denied Aug. 28, 1998.

Frank A. Natale, Dallas W. Hartman, New Castle, for Hubert Lykins.

Walter Werner, Paula S. Bischoff, Pittsburgh, for New Castle Foundry.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE and NIGRO, JJ.

## OPINION

ZAPPALA, Justice.

Appellant, Hubert Lykins, appeals an order of the Commonwealth Court affirming an order of the Workers' Compensation Appeal Board (Board) which reversed an order of the Workers' Compensation Judge (WCJ). For the reasons that follow, we reverse.

On July 22, 1991, Appellant sustained a work-related injury to his neck and back while working for New Castle Foundry (Employer). Appellant received total disability benefits until returning to a light duty job in February of 1992, after which he then received partial disability benefits. On March 31, 1994, he again became totally disabled and received total disability benefits of $322.03 per week. On April 16, 1994, Appellant also began receiving unemployment compensation benefits of $239.00 per week.[1]

---

1. An employee may be entitled to unemployment compensation while simultaneously receiving workers' compensation benefits. *See* 43 P.S.

Prior to amendment in July of 1993, Section 204(a) of the Workers' Compensation Act[2] (Act) provided "that if the employee receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of § 108."[3] 77 P.S. § 71(a). Act 44 of 1993[4] amended this section to include, in addition to awards under Section 108, benefits under Sections 306 and 307, concerning total and partial disability benefits. Amended Section 204(a) states, "such [unemployment compensation] so received shall be credited as against the amount of the award or awards made under the provisions of §§ 108 and 306, except for benefits payable under § 306(c) or § 307".[5] Thus, prior to Act 44, an employee sustaining a work-related injury, excluding certain occupational diseases, could simultaneously recover both workers' compensation and unemployment compensation benefits without his employer receiving any credit. After enactment of Act 44, an employer was entitled to a credit equal to the unemploy-

§§ 751–914. This unique circumstance occurs where an employee is receiving total disability benefits or has returned to work under a suspension status and is laid off for some reason other than lost earning power through no fault of his own. Under those facts, the employee is entitled to receive workers' compensation and unemployment compensation benefits. *See Fells v. Workmen's Compensation Appeal Board (Caterpillar Tractor Co.)*, 122 Pa.Cmwlth. 399, 552 A.2d 334 (1988) (claimant received workers' compensation for partial disability and unemployment compensation while on suspension status where claimant was laid off from his pre-injury job due to economic conditions and was unable to secure employment within his physical limitations).

Instantly, the record is unclear as to what facts gave rise to Appellant's eligibility for unemployment compensation. However, Employer does not dispute Appellant's eligibility to receive unemployment compensation benefits concurrent with his workers' compensation benefits, it merely seeks a credit under Act 44.

2. Act of June 2, 1915, P.L. 736, *as amended.*

3. Section 108 of the Act, 77 P.S. § 27.1, concerns benefits for certain occupational diseases.

4. Act of July 2, 1993, P.L. 190, effective in 60 days.

5. Section 306(a), 77 P.S. § 511, concerns total disability benefits, while Section 306(b), 77 P.S. § 512, concerns partial disability benefits. Section 306(c), 77 P.S. § 513, pertains to benefit rates for specific loss injuries and Section 307, 77 P.S. § 561, concerns compensation to certain individuals upon the death of an employee.

ment compensation benefits for those claimants receiving simultaneous benefits.

Employer filed a modification petition on April 15, 1994, seeking a credit against Appellant's total disability benefits in the amount of unemployment compensation benefits he was receiving. Employer's petition was predicated upon the 1993 amendments to the Act. At a hearing held on June 14, 1994, the WCJ denied Employer's modification petition, finding that the pre-Act 44 version of Section 204(a) was controlling. The WCJ concluded that since Appellant was injured prior to the effective date of Act 44, amended Section 204 could not be applied retroactively since it affected Appellant's substantive rights to benefits.

Employer appealed to the Board, which reversed. The Board determined that the controlling date for application of amended Section 204(a) is not the date of the work injury, but is the date the claimant qualifies to receive unemployment compensation. As Appellant qualified for unemployment compensation benefits in April of 1994, seven months after the effective date of Act 44, the Board found Employer was entitled to a credit of $239.00 per week beginning April 16, 1994.

The Commonwealth Court affirmed. *Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry)*, 671 A.2d 253 (Pa.Cmwlth.1996). Following the Board's rationale, the Commonwealth Court found that since Appellant did not file for or begin to receive unemployment compensation until after the effective date of Section 204(a) as amended, Appellant's substantive right to unemployment benefits was not fixed prior to Act 44.

The scope of appellate review in workers' compensation proceedings is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or the findings of fact are supported by substantial evidence. *Hershey Chocolate Co. v. Workmen's Compensation Appeal Board (Tania L. Lasher)*, 546 Pa. 27, 682 A.2d 1257 (1996).

Appellant asserts that he accrued a substantive right to workers' compensation benefits when he sustained a work injury on July 22, 1991. Therefore, his rights were governed by the law in effect at the time of his injury, which provided for concurrent recovery. Employer argues that Appellant's right to receive unemployment compensation did not arise until after the effective date of Act 44. Accordingly, Employer claims it is entitled to a credit based on the law in effect at the time Appellant obtained a right to receive unemployment compensation in April of 1994.

However, whether or when Appellant accrued a substantive right to receive workers' compensation and unemployment compensation benefits is of no moment in this case because the amended Section 204(a) is not applicable to Appellant. Section 26 of Act 44 specifically limits the class of workers' compensation claimants to whom the amendments of Act 44 are applicable. Section 26 states that "no changes in indemnity compensation payable by this Act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section."

The amended Section 204(a) constitutes a "change in indemnity compensation payable" when compared to the pre-amendment Section 204(a). Prior to Act 44, the indemnity compensation payable to an employee sustaining a work-related injury, excluding certain occupational diseases, and receiving simultaneous unemployment compensation benefits was the claimant's full workers' compensation benefits. The claimant's employer received no credit. With the enactment of Act 44, however, the indemnity compensation payable to an employee receiving simultaneous unemployment compensation benefits became the claimant's full workers' compensation benefits minus the amount of the claimant's unemployment compensation benefits (i.e., the employer's credit).

Appellant suffered a work-related injury in July of 1991, two years before the effective date of Act 44. Therefore, Section 26 exempts him from the class of workers' compensation claimants to whom the change in indemnity compensation payable under the amended Section 204(a) is applicable.

Since Section 204(a) is not applicable to Appellant, retroactivity is not an issue in this case.

The parties' rights and obligations are governed by the pre-amendment Section 204(a) of the Act and Employer is therefore not entitled to a credit against the amount of the workers' compensation benefits. Accordingly, the order of the Commonwealth Court is reversed.

NEWMAN, J., did not participate in the consideration or decision of this case.

NIGRO, J., files a concurring opinion.

NIGRO, Justice, concurring.

The Majority concludes that when Appellant's substantive rights to receive workers' compensation and unemployment compensation benefits accrued is irrelevant, since Appellant is exempted from the class of workers' compensation claimants to whom the change in indemnity compensation payable under the amended Section 204(a) is applicable. While I agree that Appellant herein is exempted, I am compelled nonetheless to write to emphasize that the analysis employed by the Commonwealth Court in its published opinion is erroneous and contrary to established case law.

While the Commonwealth Court recognized that a claimant's right to recover workers' compensation benefits and unemployment compensation benefits is a substantive right, the Commonwealth Court found that Act 44 was not applied retroactively since this Appellant never established a substantive right to receive both workers' compensation and unemployment compensation benefits prior to Act 44.

The Statutory Construction Act provides that when substantive rights are involved, the law in effect at the time the cause of action arises controls. *Bell v. Koppers Co., Inc.*, 481 Pa. 454, 392 A.2d 1380 (1978).[1]  A claimant's right to workers'

---

1. A substantive right is implicated when the retroactive application of a statute imposes new legal burdens on past transactions or occurrences. *McMahon v. McMahon*, 417 Pa.Super. 592, 600, 612 A.2d 1360, 1364 (1992). In contrast, procedural statutes simply establish a method for

compensation benefits is a substantive right which vests at the time of injury. *Id.*

Although the Commonwealth Court herein recognized that nothing in Act 44 indicates the Legislature intended to apply § 204(a) retroactively, rather than addressing the retroactivity of Act 44, the Commonwealth Court focused on the date Appellant qualified for unemployment compensation benefits as the controlling event. The Commonwealth Court explained:

> (T)his case does not present the situation where Employer is seeking to retroactively apply amended § 204 to defeat a fixed, substantive right of Claimant. Instead, Employer simply took advantage of its right to a credit under § 204 when the event that triggered the right occurred, i.e., Claimant qualifying for and receiving unemployment compensation benefits, months after the amendment became effective.

*Lykins v. Workmen's Comp.*, 671 A.2d 253 at 257 (Pa.Cmwlth. 1997).

The Commonwealth Court's determination that the triggering event is the date on which a claimant qualifies and receives unemployment compensation benefits is erroneous and contrary to case law. In *Bell v. Koppers Co., Inc., id.* we held that an amendment to the Workers' Compensation Act giving employers complete immunity to suit did not bar joinder of an employer in a suit where the injuries occurred prior to the amendment's effective date. In *Bell,* this Court emphasized that although suit was filed against the employer after the effective date of the amendment to the Act, the proper focus is on the date of the injury. *Id.* at 459, 392 A.2d at 1382–83.

Similarly, in *Gibson v. Commonwealth of Pennsylvania,* 490 Pa. 156, 415 A.2d 80 (1980), this Court emphatically stated "the Legislature may not extinguish a right of action which

enforcing rights but have no impact on whether a claimant has a legal entitlement to relief under the facts of a particular action. *Page's Dep't Store v. Velardi,* 464 Pa. 276, 285, 346 A.2d 556, 560 (1975).

has already accrued to a claimant." *Id.* at 161, 415 A.2d at 83. In *Gibson*, plaintiffs' substantive rights to file tort claims against Commonwealth agencies accrued before promulgation of the Sovereign Immunity Act, and those rights could not be extinguished by retroactive application of the recently enacted Sovereign Immunity Act. Finding plaintiffs' rights accrued on the date of injury, we stressed "(t)hough the date of a complaint's institution is relevant to tolling of a statute of limitations, it has no place in the determination of (plaintiffs') substantive rights." *Id.* at 165, 415 A.2d at 85.

Thus, the triggering event is not the date a claimant qualifies to receive unemployment compensation benefits, rather, it is the date of the work injury. Here, Appellant's receipt of workers' compensation and unemployment compensation are connected by a single event, his July 21, 1991 work injury. Thus, the work injury was the link in the chain of events that led to Appellant's receipt of both workers' compensation and unemployment compensation benefits. Just as the right to receive workers' compensation benefits triggers on the date of the injury, the right to receive unemployment compensation benefits triggers on the date of the injury, regardless of when Appellant qualifies for unemployment benefits.

Contrary to our decisions in *Bell* and *Gibson*, in the case *sub judice*, the Commonwealth Court improperly focused on the date claimant qualified for unemployment compensation benefits. Accordingly, I join in reversing the decision of the Commonwealth Court.