**Mark HRIVNAK, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (R & L DEVELOPMENT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 21, 2001.

Decided Feb. 22, 2002.

---

Darren K. Parr, Pittsburgh, for petitioner.

Thomas D. Gladden, Pittsburgh, for respondent.

Before PELLEGRINI, Judge, FRIEDMAN, Judge, and FLAHERTY, Senior Judge.

FRIEDMAN, Judge.

Mark Hrivnak (Claimant) petitions for review of a July 25, 2001 order of the Workers' ·Compensation Appeal Board (WCAB) affirming the decision of workers' compensation judge Francis J. DeSimone (WCJ DeSimone) to deny the Petition to Review Compensation Benefits (Review Petition) and the Petition for Assessment of Penalties (Penalty Petition) filed by Claimant. The question presented is whether R & L Development (Employer) is entitled to a credit under section 204(a) of the Workers' Compensation Act[1] (Act), as amended by Act 44 of 1993,[2] for the value of unemployment compensation benefits received by Claimant concurrent with workers' compensation benefits.

Claimant sustained a work-related lower back injury on January 28, 1993, for which he received benefits pursuant to a Notice of Compensation Payable.[3] (WCJ Coffroth's Findings of Fact, No. 1.) On March 9, 1995, Claimant sought a reinstatement of benefits, alleging that he was limited to

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 71(a).

2. Prior to the 1993 amendments to the Act, section 204 of the Act, 77 P.S. § 71, provided that unemployment compensation benefits received by a claimant would be credited *only* against occupational disease awards made under section 108 of the Act, 77 P.S. § 27.1. Other claimants were permitted to concurrently collect both unemployment compensation and workers' compensation benefits. However, section 4 of the Act of July 2, 1993, P.L. 190, known as Act 44, amended section 204 to include an offset against awards for total and partial disability in addition to the offset against awards under section 108. In the amended section 204(a), which went into effect on August 31, 1993, the legislature redrafted the offset provision to read in relevant part:

Provided, however, That if the employe receives unemployment compensation benefits, such amount or amounts so received shall be credited as against the amount of the award made under the provisions of sections 108 and 306, except for benefits payable under section 306(c) or 307. [Section 306(a), 77 P.S. § 511, pertains to total disability benefits, and section 306(b), 77 P.S. § 512, pertains to partial disability benefits. Section 306(c), 77 P.S. § 513, establishes the benefit rates for specific loss injuries, and section 307, 77 P.S. § 561, involves compensation to certain individuals upon the death of an employee.]

77 P.S. § 71(a) (footnote omitted).

3. At the time of his injury, Claimant received an average weekly wage of $585.66, resulting in a weekly disability amount of $390.44. (WCJ Coffroth's Findings of Fact, No. 2.)

modified duty with a resultant loss in wages. Employer filed an answer denying the allegations, and hearings were held before WCJ Frederick F. Coffroth (WCJ Coffroth). (WCJ Coffroth's Findings of Fact, Nos. 3–4.)

On October 26, 1996, while a decision on Claimant's reinstatement petition was pending, Claimant and counsel for the parties jointly executed a stipulation of facts and conclusions (Stipulation). The parties agreed to present the Stipulation to WCJ Coffroth "with the understanding that [WCJ Coffroth] will enter an award of benefits based upon the Stipulation." (Stipulation at ¶ 13, R.R. at 25a; WCJ Coffroth's Findings of Fact, No. 5; WCJ Coffroth's Conclusions of Law, No. 3.) WCJ Coffroth subsequently incorporated the Stipulation in his decision, adopting the findings and conclusions therein as his own. (WCJ Coffroth's Findings of Fact, No. 5; WCJ Coffroth's Conclusions of Law, No. 2.) Then, in a November 6, 1996 order, WCJ Coffroth granted Claimant's reinstatement petition and directed Employer to make payments to Claimant as "specified in the Stipulation." (WCJ Coffroth's Order, R.R. at 20a.)

In setting forth the compensation owed Claimant, the Stipulation stated that, subsequent to the January 28, 1993 work accident, Claimant was laid off work during various periods of time and returned to work during various periods of time. As a result of all the periods of lay-off, Claimant was entitled to total disability benefits in the amount of $37,314.91, of which Claimant had received $13,832.73 since the accident. Also since the accident, and specifically after August 31, 1993, Claimant had received unemployment compensation benefits totaling $16,473.60. (*See* Stipulation

at ¶¶ 4–8, R.R. at 22a–24a.) Paragraph 9 of the Stipulation then provided:

> Deducting the compensation paid as referred to above in the amount of $13,832.73 *plus the [un]employment compensation credit in the amount of $16[,]473.60,* the Claimant is entitled to receive additional workmen's compensation benefits in the total amount of $7,008.58.

(Stipulation at ¶ 9, R.R. at 24a.) (Emphasis added.) Neither party appealed WCJ Coffroth's 1996 decision.

On April 13, 1999, Claimant filed his Review Petition seeking reimbursement for the unemployment compensation credit taken by Employer in 1996 and requesting nullification of paragraph 9 of the Stipulation. In addition, Claimant filed a Penalty Petition alleging that Employer's failure to reimburse Claimant constituted a violation of the Act. Claimant based these Petitions on our supreme court's decision in *Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry),* 552 Pa. 1, 713 A.2d 77 (1998). In *Lykins,* the court overturned a decision by this court applying amended section 204(a) to claimants who, like Claimant here, were injured prior to the effective date of Act 44 but did not receive unemployment compensation benefits until after the amended statute went into effect. *See Lykins v. Workmen's Compensation Appeal Board (New Castle Foundry),* 671 A.2d 253 (Pa. Cmwlth.1996) (*Lykins I* )[4], *rev'd,* 552 Pa. 1, 713 A.2d 77 (1998). Rejecting this interpretation, the supreme court held that the Act 44 amendment providing that unemployment compensation benefits shall be credited against awards of total and partial disability was not applicable to claimants who suffered work-related injuries prior to the amendment's effective date of August

---

**4.** All citations to *Lykins* refer to our supreme court's 1998 decision in that case; we cite this court's earlier decision as *Lykins I*.

31, 1993.[5] Claimant, who was injured on January 28, 1993, contended that, under *Lykins*, Employer was not entitled to the credit afforded in the Stipulation. Employer filed an answer denying the allegations in Claimant's Petitions, and the matter went before WCJ DeSimone.

Summarizing the issue before him, WCJ DeSimone found:

In this present matter the parties agree that the [S]tipulation as to the credit for unemployment benefits reflected the interpretation of the...Act which was in force at the time of [WCJ] Coffroth's decision. [E]mployer was then entitled to the credit because [Claimant's] entitlement to unemployment benefits occurred after the...Act was amended to allow such credit. The parties agreed that as of the 1998 Supreme Court ruling in the case of Lykins...[E]mployer would not have been entitled to the credit because [Claimant's] injury occurred before the amendment to the...Act. The Supreme Court ruling made the injury date determinative rather than the date of entitlement to unemployment benefits as had been the case prior to its ruling.

Whether the...Supreme Court ruling voided the [Stipulation] is the issue in this present matter.

(WCJ DeSimone's Findings of Fact, No. 5.)

In resolving this issue, WCJ DeSimone found that the Stipulation was not materi-

---

**5.** *Lykins* involved a claimant who sustained a disabling work injury in 1991 and began receiving unemployment compensation in 1994. Predicated upon section 204(a), as amended by Act 44, the employer filed a modification petition against the claimant's total disability payments seeking a credit equal to the amount of unemployment compensation the claimant was receiving. The WCJ denied the employer's petition, concluding that the pre-Act 44 version of section 204 was controlling where the claimant was injured prior to the effective date of amended section 204(a).

On appeal, the WCAB reversed. Rejecting the WCJ's holding that amended section 204(a) cannot apply to injuries sustained prior to August 31, 1993, the WCAB determined that the date on which a claimant qualifies to receive unemployment compensation, not the date of injury, controlled whether the pre-Act 44 or the post-Act 44 version of section 204 applied in a given case. Thus, because the claimant first qualified for unemployment benefits in 1994, after the effective date of Act 44, the WCAB held that the employer was entitled to a credit.

In affirming the WCAB, this court agreed that the date of the claimant's entitlement to unemployment compensation was determinative. We held that the employer's right to a credit under amended section 204(a) did not defeat the claimant's substantive right, under pre-Act 44 law, to simultaneously collect both unemployment compensation and workers' compensation where the claimant qualified for and received unemployment compensation only after the effective date of Act 44. Moreover, we determined that, because our holding did not reduce the claimant's total disability benefits, it did not violate section 26 of Act 44, which proscribes changes in indemnity compensation for injuries sustained prior to the effective date of Act 44.

On further appeal, the supreme court reversed. Applying an analysis that was not triggered by the accrual of substantive rights, the court instructed:

Section 26 of Act 44 specifically limits the class of workers' compensation claimants to whom the amendments of Act 44 are applicable. Section 26 states that "no changes in indemnity compensation payable by this Act shall affect payments of indemnity compensation for injuries sustained prior to the effective date of this section."

*Lykins*, 552 Pa. at 5, 713 A.2d at 78–79. Concluding that the amended section 204(a) constitutes a change in "indemnity compensation payable" when compared to the pre-amendment section 204, the court held that section 26 exempted the claimant from the class of workers' compensation claimants to whom the amendments of Act 44 are applicable. *Id.* Thus, the court made the injury date, rather than the date of entitlement to unemployment compensation benefits, determinative of the parties rights and obligations under the Act.

ally incorrect in any way at the time of WCJ Coffroth's decision. Further, WCJ DeSimone noted that neither party elected to acknowledge *Lykins I* in the Stipulation even though *Lykins I* was pending before the supreme court when the Stipulation was entered.[6] (WCJ DeSimone's Findings of Fact, No. 6.) WCJ DeSimone then concluded that the Stipulation as to the credit for unemployment compensation benefits, which accurately reflected the interpretation of section 204(a) of the Act that was in force at the time, was not voided by the subsequent contrary interpretation expressed in *Lykins*. (WCJ DeSimone's Conclusions of Law, No. 1.) In addition, WCJ DeSimone concluded that the parties were bound by the Stipulation, that Employer was not required to reimburse Claimant for the credited unemployment compensation benefits and that Employer did not violate the Act. (WCJ DeSimone's Conclusions of Law, Nos. 2–4.) Consequently, WCJ DeSimone denied Claimant's Review and Penalty Petitions. Following Claimant's appeal, the WCAB affirmed.

■ Claimant now petitions this court for review,[7] arguing that the WCAB erred in affirming WCJ DeSimone's decision to bind the parties to the terms of the Stipulation rather than follow *Lykins*. Claimant acknowledges that, under the interpretation of the law then existing, paragraph 9 of the Stipulation properly gave effect to amended section 204(a) by providing Employer with a credit for the unemployment compensation received by Claimant. Nev-

ertheless, Claimant argues that *Lykins* changed that law, and because amended section 204(a) does not apply to claimants who sustained work-related injuries prior to August 31, 1993, Employer should not have been entitled to a credit for Claimant's unemployment compensation. Thus, Claimant maintains that Employer should reimburse him in the amount of $16,473.60. We disagree.

■ Notwithstanding the fact that the unemployment compensation credit recovered by Employer in accordance with the Stipulation was lawful when taken, Claimant seeks the benefit of the law as it subsequently evolved, long after the findings and conclusions in the Stipulation were incorporated into WCJ Coffroth's final, unappealed decision and order. We must reject Claimant's argument that *Lykins* be applied retroactively. Indeed, whether *Lykins* is to be applied retroactively is immaterial in the present case based on the well-settled principle that changes in decisional law which occur during litigation will be applied retroactively to cases pending on appeal. *Cipcic v. Workmen's Compensation Appeal Board (Consolidation Coal Company)*, 693 A.2d 1009 (Pa.Cmwlth.1997). Here, Claimant's matter was not pending when the supreme court decided *Lykins;* the change in decisional law did not come about until after the litigation ended. Thus, the supreme court's statutory interpretation of amended section 204(a) should not apply to void WCJ Coffroth's 1996 decision and the Stipulation on which it was based.[8]

---

6. The supreme court had granted an appeal in *Lykins I* on September 24, 1996, a month prior to the October 26, 1996 Stipulation date.

7. Our scope of review is limited to determining whether an error of law was committed, whether constitutional rights were violated or whether necessary findings of fact are supported by substantial evidence. Section 704

of the Administrative Agency Law, 2 Pa.C.S. § 704.

8. We note, further, that nothing in the Stipulation or WCJ Coffroth's 1996 decision stated that Employer was taking the credit pursuant to section 204(a) of the Act or in accordance with controlling case law. The result of negotiations designed to resolve amicably the issues surrounding the Claimant's reinstate-

Claimant also asserts that binding the parties to the terms of the Stipulation would effectively, and impermissibly, permit Claimant and/or Employer to contract away Claimant's rights to compensation payable under the Act. Thus, Claimant argues, the Stipulation is contrary to the humanitarian purpose of the Act and is void and unenforceable under section 407 of the Act, which provides in relevant part: "any agreement ... varying the amount to be paid or the period during which compensation shall be payable as provided in this act, shall be wholly null and void." 77 P.S. § 731.

Claimant likens the present case to *Rollins Outdoor Advertising v. Workmen's Compensation Appeal Board*, 506 Pa. 592, 487 A.2d 794 (1985). In that case, an employer and its insurer accepted $10,000.00 in full settlement of their accrued subrogation interest in return for a promise from the employee to forego his right to any future compensation benefits. Our supreme court held, and the parties did not dispute, that the employee's waiver of his right to future benefits was illegal and, thus, unenforceable as null and void under the terms of section 407 of the Act. Claimant maintains that because the unemployment compensation credit provided for in the Stipulation was contrary to the law as ultimately interpreted by our supreme court in *Lykins*, the Stipulation here, like the agreement in *Rollins*, is a

nullity. We cannot accept Claimant's argument.

The distinction between *Rollins* and the case before us is obvious. The parties in *Rollins* were aware of their entitlements under the Act when they entered into what they acknowledged was an illegal agreement altering these statutory rights and responsibilities. By contrast, here, Claimant and Employer agree, and WCJ DeSimone specifically found, that the negotiated Stipulation upon which WCJ Coffroth based his 1996 decision was not founded upon false facts or an erroneous reading of the law at the time it was made. *See Morgan v. Workers' Compensation Appeal Board (Volkswagen of America)*, 714 A.2d 1155 (Pa.Cmwlth.1998) (holding that a stipulation may be void under section 407 of the Act *if it is false* and adversely affects substantial rights to which a claimant is entitled under the Act). Although the law regarding application of amended section 204(a) subsequently changed, the Stipulation negotiated by the parties was not then, and is not now, contrary to the interpretation of the law then in force; therefore, neither section 407 nor *Rollins* controls.

Accordingly, we affirm the denial of Claimant's Review and Penalty Petitions.[9]

### ORDER

AND NOW, this 22nd day of February, 2002, the order of the Workers' Compensa-

---

ment petition, the Stipulation provided only that there would be an unemployment compensation credit on behalf of Employer. Moreover, the Stipulation contained no provision allowing for a potential future reimbursement of the unemployment compensation credit based upon a possible reversal of *Lykins I*, which was pending before the supreme court at the time.

9. Because Employer took the credit based upon the Stipulation which was lawful at the time, it did not violate the Act. Thus, imposition of penalties is inappropriate. *See Ortiz v. Workmen's Compensation Appeal Board (Fair Tex Mills, Inc.)*, 102 Pa.Cmwlth. 493, 518 A.2d 1305 (1986) (stating that the imposition of penalties is appropriate only where a violation of the Act, or of the rules and regulations issued pursuant thereto, appears in the record).

tion Appeal Board, dated July 25, 2001, is hereby affirmed.