IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Deborah Reber, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 933 C.D. 2021 |
| | : | |
| R.E. Shenker/Little Lexington | : | |
| Farms (Workers' Compensation | : | |
| Appeal Board), | : | |
| Respondent | : | |
| | : | |
| R.E. Shenker/Little Lexington | : | |
| Farms, | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 960 C.D. 2021 |
| | : | Submitted: August 12, 2022 |
| Deborah Reber (Workers' | : | |
| Compensation Appeal Board), | : | |
| Respondent | : | |

BEFORE:    HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE ANNE E. COVEY, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE DUMAS                                                    FILED: March 3, 2023


Before this Court are cross-petitions for review filed by Deborah Reber (Claimant) and R.E. Shenker/Little Lexington Farms (Employer). Both petition this Court to review the adjudication of the Workers' Compensation Appeal Board (Board), which affirmed the decision of the Workers' Compensation Judge (WCJ). At issue is the WCJ's reinstatement of Claimant's temporary total disability workers' compensation (TTD) benefits under the Workers' Compensation Act (the

Act).[1]  For different reasons, the parties challenge the WCJ's reliance on this Court's decision in *Whitfield v. Workers' Compensation Appeal Board (Tenet Health System Hahnemann LLC)*, 188 A.3d 599 (Pa. Cmwlth. 2018) (*en banc*).  After careful consideration, we reject the parties' respective arguments and affirm the Board's adjudication.

## I. BACKGROUND[2]

In April 2008, Claimant sustained a work-related head injury and was awarded TTD benefits.[3]  In May 2010, Claimant underwent an Impairment Rating Evaluation (IRE).  The IRE yielded a 36% impairment rating which fell below the statutory threshold under former Section 306(a.2)[4] of the Act.  Thereafter, Employer filed a notice of change to disability status (Notice of Change), which documented a change in Claimant's disability status from "total" to temporary "partial" disability (TPD) based on the IRE results.  Claimant did not directly challenge the IRE's validity or the change to her disability status.

Several years after Claimant's change to TPD status, this Court issued its decision in *Protz v. Workers' Compensation Appeal Board (Derry Area School District)*, 124 A.3d 406 (Pa. Cmwlth. 2015) (*Protz I*), *affirmed in part and reversed in part*, 161 A.3d 827 (Pa. 2017) (*Protz II*).  In *Protz I*, we determined that former Section 306(a.2) of the Act was an unconstitutional delegation of legislative

---

[1] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1-1041.4, 2501-2710.

[2] Unless stated otherwise, we adopt this factual background from the WCJ's Decision, entered November 6, 2020, which is supported by substantial evidence of record.  *See* WCJ Decision, 11/06/20, at 3-13.

[3] Claimant's injury occurred while "training horses."  Notes of Testimony (N.T.) Hr'g, 6/12/19, at 17.

[4] *See* 77 P.S. § 511.2(2) (repealed).  Act of June 2, 1915, P.L. 736, *as amended*, added by the Act of June 24, 1996, P.L. 350, *formerly* 77 P.S. § 511.2, repealed by the Act of October 24, 2018, P.L. 714, No. 111 (Act 111).

authority because it proactively approved versions of the American Medical Association's (AMA) Guides to the Evaluation of Permanent Impairment (Guides) without review. *Protz I*, 124 A.3d at 416. We did not strike former Section 306(a.2) in its entirety but remanded the matter to the Board with instructions that any IRE must adhere to the Fourth Edition of the Guides, which was in effect at the time the General Assembly enacted former Section 306(a.2). *Id.*

In March 2016, prior to the expiration of her 500 weeks of TPD benefits, Claimant filed a petition challenging her IRE as unconstitutional, because it had been conducted pursuant to the Sixth Edition of the Guides and sought reinstatement of TTD benefits as of her IRE date. While Claimant's petition was pending, our Supreme Court issued its decision in *Protz II*, which affirmed our rationale as to unconstitutionality, but differed as to remedy, by striking former Section 306(a.2) from the Act in its entirety.

In February 2018, the WCJ granted Claimant's petition, reinstating her TTD benefits as of the date she filed for reinstatement. The WCJ concluded that because Claimant did not challenge the constitutionality of her IRE until after our decision in *Protz I*, she was only eligible for reinstatement as of the date she filed her petition, not the date of her IRE. Both Claimant and Employer appealed.

In February 2019, the Board remanded to the WCJ to allow the parties an opportunity to present evidence and argument concerning recent changes in the

3

law, including our decision in *Whitfield*[5] and the legislature's enactment of Act 111.[6] In June 2020, while this matter was on remand, Employer filed a suspension petition, asserting that Claimant had exhausted her 500 weeks of TPD benefits.

The WCJ held additional hearings on the parties' petitions. In support of her petition, Claimant testified about the ongoing physical and psychological symptoms from her work-related injury and their impact on her daily life. In contrast, Employer's medical expert, Charles P. Gennaula, M.D., testified that Claimant was not totally disabled. Dr. Gennaula agreed that Claimant could not return to her pre-injury employment but believed that Claimant could perform supervised, restricted work, like Employer's offered position of telephone solicitor.

The WCJ granted Claimant's reinstatement petition as of the date that she filed for reinstatement and denied Employer's suspension petition. The WCJ found that Claimant satisfied her burden of proof under *Whitfield* through her own credible testimony that the previous work-related head injury was serious and created ongoing issues for daily living which prevented return to her pre-injury position. The WCJ resolved the contradicting evidence of Claimant's ability to perform Employer's new position in favor of Claimant, crediting her testimony over

---

[5] In *Whitfield*, we clarified that a claimant could satisfy her burden of proving reinstatement through credible testimony of ongoing injury, and if proven, the burden shifted to the employer to prove otherwise. *Whitfield*, 188 A.3d at 615. Further, we held that a claimant is not eligible for reinstatement (1) if her impairment rating is below the statutory threshold and (2) she does not seek reinstatement within the 500-week statutory period. *Id.* at 617.

[6] In response to *Protz I* and *Protz II*, the Pennsylvania General Assembly replaced former Section 306(a.2) with Section 306(a.3), added by Act 111, 77 P.S. § 511.3(1)-(2), which enacted new standards for an IRE. It expressly adopted the Sixth Edition of the AMA Guides (second printing April 2009) as the basis for a qualified physician's IRE, and it reduced the threshold required for a total disability status from a 50% whole-body impairment rating to 35%. 77 P.S. § 511.3(1)-(2).

4

Dr. Gennaula's opposing opinion. Both parties appealed to the Board, which affirmed; both parties then petitioned for this Court's review.[7, 8]

## II. ISSUES

Claimant contends that she is entitled to reinstatement of her total disability benefits retroactive to the date of her IRE. According to Claimant, our Supreme Court's decision in *Protz II* rendered former Section 306(a.2) of the Act void *ab initio* and, therefore, should be given fully retroactive effect. Claimant's Br. at 10-20. Acknowledging that this Court has repeatedly rejected such assertions in similar cases, Claimant nonetheless asks this Court to reconsider and specifically reject the WCJ's reliance on *Whitfield*. *Id.*

In its cross-appeal, Employer asserts that the WCJ erred in applying *Whitfield* rather than the stricter evidentiary burden required by this Court in *Rawlins v. Workers' Compensation Appeal Board (Plaxair, Inc.)* (Pa. Cmwlth., Nos. 1736, 1747 C.D. 2019, filed July 22, 2021) (unreported), 2021 WL 3087259. Emp.'s Br. at 1, 8, 10-11.[9]

---

[7] Our review on appeal is limited to determining whether the Board committed an error of law, whether findings of fact are supported by substantial evidence, or whether constitutional rights were violated. *Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 989 n.4 (Pa. Cmwlth.), *appeal denied*, 242 A.3d 912 (Pa. 2020).

[8] We denied Claimant's request for *en banc* argument. Cmwlth. Ct. Order, 4/25/22.

[9] In a second question presented, Employer suggests that the WCJ erred in finding that Claimant "sustained her burden of proof in her reinstatement petition[.]" Emp.'s Br. at 1 (emphasis and capitalization omitted). Despite its phrasing of the question, Employer suggests that the answer to this question is "No." *Id.* (emphasis omitted). The confusion generated by this initial error is exacerbated when Employer proceeds to summarize its argument by requesting a remand for "further findings of fact" to determine whether its expert testimony was "credible, competent, and [had] refuted Claimant's testimony . . . ." *Id.* at 3. Thereafter, in brief remarks lacking appropriate citation to the record or relevant legal authority, Employer asserts, "[Claimant] sustained her burden of persuasion through her own testimony that she remained totally disabled."

5

### III. DISCUSSION

"[W]e are bound to follow the decisions of our Court unless overruled by the Supreme Court or where other compelling reasons can be demonstrated." *Crocker v. Workers' Comp. Appeal Bd. (Georgia Pacific LLC)*, 225 A.3d 1201, 1210 (Pa. Cmwlth. 2020). Here, the parties present no compelling reasons to depart from our holding in *Whitfield* in this case.

### A. The WCJ properly reinstated Claimant's benefits

Claimant contends that she is entitled to reinstatement of her total disability benefits retroactive to the date of her IRE. Acknowledging that the law does not support her contention, Claimant requests that this Court revisit its prior decision in *Whitfield*.

In *Whitfield*, this Court considered whether a claimant was entitled to the benefit of the *Protz* decisions when she had failed to challenge the constitutionality of the IRE process for more than seven years. *Whitfield*, 188 A.3d at 602. Ultimately, the Court recognized a statutory right to seek reinstatement

---

*Id.* at 12. Then, Employer further asserts that the WCJ "failed to fully assess the credibility of Dr. Gennaula's opinion that [Claimant] was not totally disabled." *Id.*

We admonish Employer for its carelessness and failure to develop an argument properly, which could be grounds for waiver. *See City of Phila. v. Workers' Comp. Appeal Bd. (Calderazzo)*, 968 A.2d 841, 846 n.4 (Pa. Cmwlth. 2009); Pa. R.A.P. 2116, 2118, 2119.

In any event, we decline to address Employer's second question in detail. As we understand Employer's argument, conceding that Claimant may have provided sufficient, credible evidence to establish her ongoing disability, Employer requests a remand because the WCJ failed to fully assess the credibility of its expert. *See* Emp.'s Br. at 12. Employer's assertion is not supported by the record. In relevant part, the WCJ specifically credited Claimant's testimony that her ongoing symptoms and difficulties made it impossible for her to return to her pre-injury employment and unable to perform an alternate job offered by Employer. WCJ Decision at 17. "[Claimant's] testimony that she is unable to perform this employment has been deemed more credible and persuasive than the conclusion of Dr. Gennaula to the contrary." *Id.* In our view, this finding is sufficient.

6

within three years of the date of the most recent payment of compensation. *Id.* at 612 (relying on Section 413(a) of the Act, 77 P.S. § 772). Although the parties presented contrasting arguments concerning the retroactive effect of *Protz II*, the Court resisted any broad statement on retroactivity. *Id.* at 617 ("Our decision today does not impose any new legal consequences based upon a past transaction."). We merely recognized that the claimant timely sought reinstatement of her benefits and provided guidance on the parties' evidentiary burdens. *Id.* at 617. Thus, even if we were inclined to revisit *Whitfield*, which we are not, it is unclear whether a different outcome would benefit Claimant in this case. *See Crocker*, 225 A.3d at 1210.

Nevertheless, the retroactive effect of the *Protz* decisions is settled. The general rule in Pennsylvania is that "a holding of [the Supreme] Court that a statute is unconstitutional will generally be applied to cases pending on direct appeal in which the constitutional challenge has been raised and preserved." *Dana Holding Corp. v. Workers' Comp. Appeal Bd. (Smuck)*, 232 A.3d 629, 648-49 (Pa. 2020). The Supreme Court has applied this general rule to *Protz II*. *See id.* at 647-49. *See also Weidenhammer v. Workers' Comp. Appeal Bd. (Albright Coll.)*, 232 A.3d 986, 989-95 (Pa. Cmwlth.) (similarly holding that "the ruling in *Protz II* was not intended to be given a fully retroactive effect"), *appeal denied*, 242 A.3d 912 (Pa. 2020).

Thus, a claimant whose benefits were reduced based on the now-unconstitutional IRE under former Section 306(a.2), who was not actively litigating the modification at the time of the *Protz* decisions, is entitled to reinstatement as of the date the claimant filed her reinstatement petition. *White v. Workers' Comp. Appeal Bd. (City of Phila.)*, 237 A.3d 1225, 1230 (Pa. Cmwlth. 2020) (*en banc*), *appeal denied*, 244 A.3d 1230 (Pa. 2021). We have consistently applied *White* in similar circumstances. *See, e.g.*, *Hutchinson v. Annville Twp. (Workers' Comp.*

*Appeal Bd.)*, 260 A.3d 360 (Pa. Cmwlth. 2021); *County of Allegheny v. Workers'*
*Comp. Appeal Bd. (Butkus)*, 253 A.3d 1232 (Pa. Cmwlth. 2021); *Marcellini v.*
*Sathers, Inc. (Workers' Comp. Appeal Bd.)* (Pa. Cmwlth., No. 1014 C.D. 2020, filed
Sept. 13, 2021) (unreported); *Ruggiero v. Commonwealth (Workers' Comp. Appeal*
*Bd.)* (Pa. Cmwlth., No. 934 C.D. 2020, filed May 12, 2021) (unreported).[10]

Here, Claimant did not challenge the constitutionality of her IRE
initially, nor did she commence this litigation until after *Protz I* was decided. Thus,
the WCJ correctly reinstated Claimant's benefits as of the date she filed for
reinstatement. *White*, 237 A.3d at 1231; *Whitfield*, 188 A.3d at 617.[11]

**B. The WCJ applied the correct evidentiary burden**

In its cross-appeal, Employer asserts that the WCJ applied the wrong
evidentiary burden in considering Claimant's reinstatement petition. *See* Emp.'s Br.
at 10-12. In support of this assertion, Employer suggests that the Notice of Change
that it issued, which documented the change in Claimant's disability status following
her IRE, is functionally equivalent to a stipulation. *Id*. at 10. Therefore, according
to Employer, the WCJ should have required Claimant to demonstrate that her
earning power was again adversely affected. *Id.* We disagree.

Following an unconstitutional IRE, a claimant may establish that she is
entitled to reinstatement to total disability status through credible testimony of her
ongoing injury. *Whitfield*, 188 A.3d at 615. If the claimant's testimony is credited,

---

[10] We cite *Marcellini* and *Ruggiero* for their persuasive value in accordance with Section
414(a) of the Commonwealth Court's Internal Operating Procedures, 210 Pa. Code § 69.414(a).

[11] We decline to address Claimant's arguments in further detail. Principally, Claimant
directs our attention to *McLinko v. Department of State,* 270 A.3d 1278 (Pa. Cmwlth.)*, aff'd in*
*part and rev'd in part*, 279 A.3d 539 (Pa. 2022) (*McLinko II*). Claimant's reliance on this case is
misplaced as it concerns the constitutionality of mail-in voting legislation and lacks any
retroactivity analysis. *See generally McLinko II.* On the other hand, Claimant ignores relevant,
binding precedent such as *Dana Holding Corp.* and *Weidenhammer*.

the burden shifts to the employer to prove otherwise. *Id.* No medical evidence from the claimant is necessary. *Id.* This is because the claimant has previously established a work-related injury, and the causal connection between the original injury and compensable disability is presumed. *Id.*

In *Rawlins*, this Court distinguished *Whitfield* based on a stipulation entered between the parties. *Rawlins*, slip op. at 9, 2021 WL 3087259 at \*10. The claimant specifically agreed to a modification of his benefit status because he had received 104 weeks of total disability benefits, reached maximum medical improvement, and had undergone an IRE revealing a whole-person impairment rating of eight percent. *See id.* The Court reasoned that, because the modification in benefit status was not due to an unconstitutional IRE *per se*, the *Whitfield* presumption of compensable disability did not apply, and additional evidence was required. *See id.*[12]

The *Rawlins* distinction is inapplicable here because the Notice of Change does not constitute a stipulation. A stipulation of facts is an agreement entered into by the parties and is binding on them. *See Kuharchik Constr., Inc. v. Commonwealth*, 236 A.3d 122, 127 n.2 (Pa. Cmwlth. 2020). *See also, e.g.*, *Hrivnak v. Workers' Comp. Appeal Bd. (R&L Dev.)*, 791 A.2d 1281 (Pa. Cmwlth. 2002) (binding parties to a stipulation even after a subsequent change in the law). In contrast, the Act mandates that an employer provide 60-days' notice to a claimant prior to any modification in disability status. *See* Section 306(a.3)(2) of the Act, 77

---

[12] The additional evidentiary requirements depend on whether a claimant has received 500 weeks of partial disability benefits. *See Rawlins. See also Stanek v. Workers' Comp. Appeal Bd. (Greenwich Collieries)*, 756 A.2d 661 (Pa. 2000); *Sladisky v. Workers' Comp. Appeal Bd. (Allegheny Ludlum Corp.)*, 44 A.3d 98, 102 (Pa. Cmwlth 2012); Section 306(a.3) of the Act, added by Act 111, 77 P.S. § 511.3(4).

P.S. § 511.3(2). The purpose of the notice mandate is to ensure the injured employee's due process right to challenge the pending reduction in her disability status. *See Johnson v. Workers' Comp. Appeal Bd. (Sealy Components Gp.)*, 982 A.2d 1253, 1257 (Pa. Cmwlth. 2009).

Here, Employer points to no evidence of record that Claimant agreed to a change in her disability status. The Notice of Change itself lacks any indicia of Claimant's agreement to the reduction in benefits; it merely informs Claimant of the results of her IRE, the effective date of her change in disability status, and her right to appeal. *See* Notice of Change, 6/10/10. On the other hand, the record reflects that Employer and Claimant entered into two supplemental agreements, one concerning an incorrect calculation of weekly wage and another to implement a temporary suspension of benefits due to Claimant's incarceration. Neither of those agreements resulted in a substantive change to Claimant's disability status. *See* Supplemental Agreement, 3/18/11; Supplemental Agreement, 8/3/15.

Employer's reliance on *Rawlins* is misplaced. Claimant did not consent to the change in her disability status but, at most, simply declined to pursue a legal challenge to the modification, a perfectly reasonable decision considering the prevailing law at the time. Accordingly, the WCJ properly applied the *Whitfield* evidentiary burden.

## IV. CONCLUSION

For the reasons set forth above, we discern no compelling reasons to depart from this Court's precedent in *Whitfield*. *See Crocker*, 225 A.3d at 1210. The WCJ properly reinstated Claimant's benefits as of the date that she petitioned for reinstatement. *See White*, 237 A.3d at 1231; *Whitfield*, 188 A.3d at 617. Further, Claimant did not agree to the modification of her disability status; therefore, the WCJ

10

properly required Claimant to establish her entitlement to reinstatement of her benefit status by introducing credible testimony of her ongoing injury. *See Whitfield*, 188 A.3d at 615.  Thus, we affirm.

LORI A. DUMAS, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Deborah Reber, :
               Petitioner :
                :
        v. : No. 933 C.D. 2021
                :
R.E. Shenker/Little Lexington :
Farms (Workers' Compensation :
Appeal Board), :
               Respondent :

R.E. Shenker/Little Lexington :
Farms, :
               Petitioner :
                :
        v. : No. 960 C.D. 2021
                :
Deborah Reber (Workers' :
Compensation Appeal Board), :
               Respondent :

# **O R D E R**

AND NOW, this 3ʳᵈ day of March, 2023, the order of the Workers'
Compensation Appeal Board, entered July 26, 2021, in the above-captioned matters
is AFFIRMED.

                                     _____
                                     LORI A. DUMAS, Judge